# KEANE *v.* FISHER & Co.

The claim was for more than $500, and proved by only one witness. The application of defendants to the court, to instruct the jury on certain questions of law, as set forth in the record, cannot be construed into an admission of fact by the defendants, and treated as a circumstance corroborating the testimony of the single witness.

The affidavit by which the plaintiff obtains the arrest of the defendants, will not be received as a circumstance corroborating the testimony of a single witness, in an action to recover of the defendants 'a claim of over $500.

The defendants asked the charge of the court to the jury on many points, twelve of which implied a sale from the plaintiff to the defendants, and each therefore was a circumstance corroborating the positive testimony of the witness to the plaintiff's claim. Per *Preston*, J. dissenting.

THIS case was tried by a jury before the Fifth District Court of New Orleans, *Buchanan*, J. *Race* and *Foster*, for plaintiff. *J. Ad. Rozier*, for defendants. By the court :

SLIDELL, J. I find only one witness to prove the claim, and I do not discover any corroborating circumstance established by any other testimony or evidence. I do not conceive that the application of the defendants to the court, to charge the jury on certain questions of law, as set forth in the record, can be construed into an admission of facts by the defendants, and so be treated as a circumstance corroborating the testimony of the single witness.

I do not concur in the opinion of the district judge, that the oath of the plaintiff, annexed to the petition, by which he obtained the arrest of the defendants, can be treated as a corroborating circumstance; nor, in his opinion, that the plea of the defendants involves an admission of the purchase of the sugar.

In my opinion, therefore, the judgment should be reversed, and the case remanded for a new trial, the costs of the appeal to be paid by the plaintiff.

EUSTIS, C. J. and ROST, J. We concur in this opinion.

PRESTON, J. dissenting. The plaintiff brings this suit for the price of a quantity of sugar sold to the defendants. He alleges that it was a sale for cash; that the defendants had failed to pay any part of the price, and yet had disposed of the sugar, so that he was unable to make the price out of the sugar. For which reason, he prayed that the defendants might be arrested and punished under the 10th section of the act passed in 1840, to abolish imprisonment for debt.

The defendants filed a general denial as to the debt, and specially denied the fraud charged, alleged that the charge was slanderous, for which they reconvened for ten thousand dollars damages. The case having been tried by a jury, they found a verdict for the amount claimed by the plaintiff for the price of the sugar with interest, but could not agree as to the charge of fraud. A judgment was rendered against the defendants for the amount of the verdict, with interest and costs, and they have appealed:

It is contended that the claim was proved by only one witness without corroborating circumstances, and being for an amount exceeding five hundred dollars, the evidence was insufficient, and the judgment should be reversed. The district court, in overruling the defendants' application for a new trial on this ground, mentioned several circumstances corroborating the testimony of the witness. Without adverting to them, it may be stated that the defendants asked the charge of the court to the jury on many points, twelve of which implied a sale from the plaintiff to the defendants, and each, therefore, was a circumstance corroborating the positive testimony of the witness to the plaintiff's claim. It is immaterial, therefore, whether the court charged the jury correctly or incorrectly as to the effect of the reconventional demand, as the plaintiffs' claim is satisfactorily proved, and the judgment as to it should be affirmed.

, A motion was made for a new trial, on the ground that the jury had not the right to pass upon the question of indebtedness without, at the same time, rendering a verdict upon the question of fraud, and on the reconventional claim for damages. The court, in overruling the application, gave the following reasons: "This cause has been submitted to two juries. The first jury was discharged after being out all night, having signified to the court, through their foreman, that they could not agree. But the subject of their disagreement could not have been the fact of the indebtedness of the defendants to the plaintiff as charged in the petition, because that fact was fully and repeatedly admitted by defendant's counsel in argument to the jury on that trial. On both trials, the court charged the jury that there were two questions to be decided by them, indebtedness and fraud, and that upon their decision on the question of fraud, depended still a third question, to wit, damages; when, therefore, it was intimated to the court by the foreman, in presence of the jury, at a late hour in the evening, after the jury had been several hours locked up, that the jury were agreed upon the question of indebtedness, but that it was impossible for them to agree upon the question of fraud and damages, the court consented to receive their verdict upon the first point, being of the opinion that it was not necessarily connected with the other questions, and the cause would thereby be simplified, for the action

KEANE
*v.*
FISHER.

of a third jury, in case there should be a third trial. That verdict has met the justice of the case as far as it goes, and I am not disposed to disturb it.

These reasons are satisfactory. Every reasonable effort had been made to obtain a verdict, as to the charge of fraud and reconventional demand, by the same jury that passed upon the debt; and such efforts should be made in all similar cases. But I do not consider the issue, as to the debt, so inseparable from the other issues, that the claim of the creditor should be unreasonably delayed, because of the inability to obtain a decision upon the other issues.

I think the judgment of the district court ought to be affirmed, with costs.