THEODORE HOLBROOK *versus* JOSEPH B. FOSS.

The contract upon which a judgment at law has been recovered, is merged and extinguished by the judgment, which constitutes a new debt, having its first existence at the time of the recovery.

A debt having its first existence after the debtor had filed his petition and had been declared a bankrupt, under the bankrupt law of the United States of 1841, could not have been proved in bankruptcy against him, and is not discharged by a certificate obtained by the bankrupt, in pursuance of such proceedings, after the existence of the debt.

THIS case came before the Court on the following statement of facts.

Debt on a judgment. Plea, bankruptcy of the defendant.

It was agreed by the parties, that on Nov. 30, 1841, the defendant gave the plaintiff a note for $198,39, payable to the plaintiff or order in six months. June 9, 1842, the plaintiff sued out a writ on said note for the October Term of the district court for Penobscot county, which writ on the same day was served by attaching defendant's real estate and by giving a summons.

The action was duly entered and continued to January Term, 1843, and again to May Term, 1843, when it was defaulted.

This action is debt, to enforce that judgment. On December 9, 1842, the defendant filed his petition in bankruptcy, in the United States District Court, for Maine District, and duly entered the same. After notice he was on February 21, 1843, declared a bankrupt. After further proceedings, on December 1, 1846, he obtained a decree of said Court, that he be discharged from all the debts due and owing by him at the time of filing his said petition, and which were proveable in bankruptcy; and on the same first day of December, 1846, obtained from the clerk of said court a certificate of discharge, which was to be evidence of all the facts it recites.

If on these facts this action could be maintained, the defendant was to be defaulted; and if not, plaintiff was to become nonsuit.

This case was argued by

*W. C. Crosby,* for the plaintiff — and by

*Kelley,* for the defendant.

*Crosby,* in his argument, cited 12 Mass. R. 268; 6 Hill, 250, 254; 1 T. R. 361 and 715; 1 Moore and P. 291; 4 Bingh. 493; 1 Harr. Dig. 498; 2 Stark. Ev. 131; 13 Eng. Com. Law Rep. 110.

The opinion of the Court was delivered on a subsequent day in the same Term by

SHEPLEY J. — This is an action of debt upon a judgment, recovered by the plaintiff against the defendant in the district court holden in this county in the month of May, 1843. The suit, in which that judgment was recovered, was commenced upon a promissory note made by the defendant on November 30, 1841, and payable to the plaintiff or order in six months.

The defendant presented his petition to be declared a bankrupt to the District Court of the United States on Dec. 9, 1842. On Feb. 21, 1843, he was declared to be a bankrupt; and he obtained his certificate of discharge from that Court on Dec. 1, 1846.

By the fourth section of the act of Congress to establish an uniform system of bankruptcy, the certificate is made to operate as a full and complete discharge of all debts, contracts and other engagements of such bankrupt, which were proveable against him.

The question presented for decision is, whether the judgment, thus recovered in May, 1843, can be considered to be a debt, contract, or other engagement of the defendant existing on Dec. 9, 1842, and proveable against him in bankruptcy.

The rule of law is, that the contract, upon which a judgment at law has been recovered, is merged in and extinguished by the judgment, which constitutes a new debt, having its first existence at the time of its recovery. The promissory note, by virtue of which it had been recovered, no longer continued to be a debt due from the defendant to the plaintiff. The

judgment not being a debt due from the defendant at the time, when his petition was filed, could not have been proved in bankruptcy against him. It was not therefore discharged by the certificate, which he obtained in the year 1846. *Todd* v. *Maxfield*, 6 B. & C. 105; *Thompson* v. *Hewett*, 6 Hill, 250. The act of Congress does not appear to have made any provision for the relief of the defendant under such circumstances, and he can only be discharged from the payment of his debt by bringing himself within its provisions. The attachment made upon the estate of the defendant on the writ upon the note cannot vary the result. If the plaintiff might have obtained payment from that property, he was under no legal obligation to do so.                     *Defendant defaulted.*