JABEZ FISHER & al. versus JOSEPH B. FOSS.

The indorsement of a writ by a copartnership company, in the name of their firm, is sufficient to hold the persons composing the copartnership.

A judgment against the defendant, recovered after his petition but before the decree of his bankruptcy, is not barred by the bankruptcy discharge, subsequently obtained.

IN a former action, between the parties, entered at the May term, 1842, the defendant was defaulted, and judgment on the default was rendered Dec. 1842.

This is an action of debt, upon that judgment. The plaintiffs reside out of the State. The writ is indorsed, "Jewett & Crosby," which is the name of a copartnership firm, the members of the firm being resident and doing professional business in Bangor. In February, 1843, the defendant was decreed a bankrupt on his own application, filed Dec. 9th, 1842, before the rendition of said judgment, and he subsequently obtained a bankruptcy discharge. On account of the bankruptcy, the defendant moved an indefinite stay of proceedings in this Court.

*Jewett & Crosby*, for plaintiffs.

The judgment became a new debt, at the time of its rendition, and, therefore, was not provable in bankruptcy, the defendant's petition having been previously filed. *Green* v. *Sarmiento*, 1 Peter's C. C. R. 74; *Holbrook* v. *Foss*, 27 Maine, 441; *Kellogg* v. *Schuyler*, 2 Denio, 73.

The defendant's remedy, if any, was by obtaining from the bankruptcy court, an injunction upon the plaintiffs against proceeding to take judgment. *Ex parte, J. S. Foster*, 2 Story's R. 139.

*Kelley* and *McCrillis*, for the defendant, contended —

1st. That the writ is not properly indorsed. The indorsement should be in the name of some individual or individuals, not in the name of a company firm.

2. The discharge in bankruptcy is a bar. *Downer* v. *Brackett*, 5 Law Reporter, 392. All the proceedings in the action, after May term, 1842, were *ex parte*. The continu-

ance procured by the plaintiffs for judgment, cannot take away the defence of the bankruptcy discharge. In the cases cited by the plaintiff, *Holbrook* v. *Foss* and *Kellogg* v. *Schuyler*, the judgments were recovered *after* the *decree* of bankruptcy. It is the *decree*, which gives the efficacy. The case cited from 5 Law Reporter is in point, to show that debts due *prior* to the decree, were provable in bankruptcy. The judgment now sued, was recovered prior to the decree, and therefore the debt was provable.

3. The motion to stay proceedings should be allowed. It is in accordance with every day's proceeding in the Courts of New York. *Parkinson* v. *Scoville*, 19 Wend. 150; 1 Cowen, 42 and 165; *Robertson* v. *Crowell*, 3 Cowen, 13; *Lee* v. *Phillips*, 6 Hill, 246; *Graham* v. *Pierson, ib.* 247; *Sanford* v. *Sinclair, ib.* 248.

TENNEY, J. orally. — The indorsement of the writ is unobjectionable. It would hold the persons composing the copartnership.

The judgment was rendered *after* the *petition*, but *before* the *decree* in bankruptcy. It is contended by the defendant's counsel, that therefore it was provable in bankruptcy, and is of course barred by the decree. But such is not the opinion of the Court. Because the judgment became a new debt *after* the filing of the petition, the suit is not barred by the discharge.

There is a motion to stay proceedings, and a case from New York Reports is cited. But the doctrine of that case is not applicable to this.        *Judgment for the plaintiffs.*