### FOX vs. WOODRUFF

A discharge under the bankrupt act of 1841 may be pleaded in bar to an action upon a judgment founded on a debt existing when the bankrupt filed his petition, but which judgment was recovered before the discharge was granted, so that the defendant had no opportunity of pleading such discharge, in the suit.

*Dresser* v. *Brooks,* (3 *Barb. Sup. C. Rep.* 429,) approved.

DECLARATION in debt on a judgment in the late court of common pleas of Monroe county, in a suit commenced on the 13th of December, 1842, and judgment recovered 14th March, 1843, for $273,84, in an action on promises. Plea, discharge in bankruptcy. The plea stated that after the making of the promises for which the judgment was recovered, viz. on the 17th of December, 1842, the defendant presented his petition to the district court of the northern district of New-York, to be declared a bankrupt &c., and that such proceedings were thereupon had &c. that afterwards, and after the defendant had been duly declared a bankrupt, viz. on the 5th day of June, 1843, and after the rendition of the judgment declared on, he was duly discharged, &c. The plea appeared to contain all the necessary averments to bring the defendant within the U. S. bankrupt law of August 19, 1841, and to give the district court jurisdiction of the case.

The plaintiff demurred to the plea, and the defendant joined in demurrer.

*H. Humphrey,* for the defendant.

*E. Mather,* for the plaintiff.

*By the Court,* WELLES, J. The precise question involved in this case was elaborately examined in *Dresser* v. *Brooks,* (3 *Barb. Sup. C. Rep.* 429,) in which a majority of the court, in the fifth district, held that a discharge under the bankrupt act

Fox *v.* Woodruff.

of 1841 might be pleaded in bar to an action upon a judgment founded on a debt existing when the bankrupt filed his petition, but which judgment was recovered before the discharge was granted, so that the defendant had no opportunity of pleading such discharge in the suit. That in such a case where the judgment is founded on a note, bond, or other demand which was itself a *debt* when the defendant's petition in bankruptcy was filed, the original debt is not merged in, nor extinguished by, the judgment, so as to be exempt from the operation of a discharge afterwards granted. And that the costs which are included in the judgment are accessorial to the debt, and are discharged with it. That case, it will be perceived, is upon all fours with the present, so far as the questions involved in this are concerned. I have attentively examined the prevailing opinion in the case referred to, and the dissenting opinion in the same case; and upon the whole am inclined to coincide with the reasoning of Mr. Justice Gridley, who delivered the opinion of the majority of the court. Although the opinion of Justice Allen, who dissented from his brethren upon the point in question, is remarkable for its ingenuity as well as ability. I forbear repeating the arguments so ably presented in that case, in support of the decision made. I am gratified to be able to concur with that decision, because of the dislike I have to a conflict of decision between the different districts of the same court. And I should feel bound to follow it, although my own judgment might lead to a different conclusion; unless I should be able to see that the case had been decided upon some mistake or misapprehension, or that some plain and obvious principle had been overlooked. In short, a decision at one of the general terms of this court, when deliberately made, should receive the same respect in each of the other districts, and be regarded as of equal weight as authority, as if made in the same district and by the same justices. The court is identical throughout the state, and the several districts co-ordinate in all respects.

I think the defendant should have judgment on the demurrer, with leave to the plaintiff to reply on payment of costs.

Judgment for defendant.