PIKE *versus* JOHN E. McDONALD & *al.*

A judgment is a debt of a higher order, than was the contract upon which it is founded.

A discharge in bankruptcy does not bar a *judgment*, recovered *after* the defendant's application to be decreed a bankrupt, although it be founded upon a note, which *might have* been proved in bankruptcy.

ASSUMPSIT, for money paid.

In June, 1843, one Pease recovered judgment against the parties to this suit, upon a note in which this plaintiff was surety for these defendants. In 1846, J. E. McDonald obtained a discharge, under the Bankrupt law of the United States, upon his own petition, filed after said note became payable. In 1848, this plaintiff paid said judgment, and now brings this suit to recover for the money so paid.

The case was submitted to the court for a legal disposition, by nonsuit or default.

*Shepley* and *Dana*, for the plaintiff.

*Swasey*, for the defendants.

The bankruptcy of McDonald, the defendant, who was one of the principals in the note, fully discharged him from all legal liability upon that note. If the surety paid the note after such discharge of the principal, there then existed nothing more than a *moral obligation*, that the principal should remunerate him. This moral obligation, without an express promise, cannot be enforced at law.

A liability on the part of the principal pre-supposes that there was a debt against him, which the surety has paid. But, in this case, there was no debt of the principal. There had been one, but the bankruptcy had discharged it. A payment by the surety, *after* such discharge, raises no promise in law.

But, if the surety had a claim for reimbursement, it was *provable* in bankruptcy. Bankrupt Act, § 5. And by the Act, § 4, such claims, if not so proved, are expressly barred.

SHEPLEY, C. J. — It appears by the agreed statement, that

Simeon Pease recovered judgment against the plaintiff and defendants in June, 1843, founded upon a promissory note made by them on October 1, 1839, on which the plaintiff was surety for the defendants.

One of the defendants, John E. McDonald, filed his petition to be declared a bankrupt on February 22, 1843, and such proceedings were had thereon, that he obtained his discharge as a bankrupt on February 17, 1846.

The promissory note made to Pease might have been proved against John E. McDonald in bankruptcy, but instead of presenting his bankruptcy to prevent a recovery against him by Pease, he suffered that judgment to be recovered.

The promissory note became merged in and extinguished by the judgment, which became a new debt accruing since the petition in bankruptcy was filed, and not provable in bankruptcy, as decided in the case of *Holbrook* v. *Foss*, 27 Maine, 441.

That judgment being a debt, which the defendant, John E. McDonald, was legally bound to pay, has been satisfied by the plaintiff, as surety for the defendants, and he is therefore entitled to recover a judgment against John E. McDonald as well as against the other defendant.

*Defendants defaulted.*

NOTE. — HOWARD, J. having been of counsel to one of the parties, did not act in the decision of this case.