SOLOMON DOWNER v. CHRISTOPHER C. ROWELL.

*Debt on judgment. Pleading. Bankruptcy.*

If the replication to a plea, contain more than one answer, and tenders several and distinct issues, which will necessarily lead to several traverses, the replication is defective on special demurrer.

And though a party, in answer to a plea in bankruptcy, is not confined to a tech nical replication, but may under the 4th section of the bankrupt act give the defendant written notice, specifying the fraudulent act and concealment; still, if the party adopts the form of a special replication, thereby calling for a rejoinder and special traverse, it must be single in its character, or the defect will be reached by a demurrer.

It is now settled law in this state, that a certificate obtained by a bankrupt, under the act of Congress of 1841, is a bar to an action upon a judgment, recovered pending the proceedings in bankruptcy, and before the granting of the certificate, upon a debt due at the time of the decree of bankruptcy; and the costs, accruing upon the debt after the decree and before the granting of the certifi cate, follow the debt, in this respect. *See Harrington v. McNaughton,* 20 Vt. 293.

DEBT on judgment. The defendant pleaded a discharge in bankruptcy, under the act of Congress of 1841; to which the plaintiff replied setting forth various and distinct acts of fraud, in avoidance of the discharge in bankruptcy. To the replication the defendant demurred specially.

The County Court, December Term, 1853,—COLLAMER, J. presiding,—adjudged the replication insufficient, and rendered judgment for the defendant.

Exceptions by plaintiff.

*W. C. French* and *Washburn & Marsh* for plaintiff.

I. It is conceded, that in *Harrington* v. *McNaughton,* 20 Vt. 293, this question was decided adversely to the plaintiff's claim; but it is believed, that there is sufficient importance to the question and the case, and sufficient reasons shown by the adverse decisions of other courts, which were not brought to the notice of the court in that case, to justify the court in again examining the question.

The counsel cited in argument on this point— *Green* v. *Sarmiento,* 1 Pet. C. C. 74. *Sampson* v. *Clark,* 2 Cush. 173. *Woodbury*

v. *Perkins*, 5 Cush. 86. *Holbrook* v. *Foss*, 27 Maine 441. *Fisher* v. *Foss*, 30 Maine 459. *Pike* v. *McDonald*, 32 Maine 418. *Todd* v. *Maxfield*, 6 B. & C. 106. The counsel also claimed that the decision in *Harrington* v. *McNaughton* was at variance with the principle adopted in *Sawyer* v. *Vilas*, 19 Vt. 43. *Compstock* v. *Grant*, 17 Vt. 512.

II. The replication is not open to the objection of duplicity.

It is not a technical replication, at common law, but is filed, as an answer to the plea, under section 4, of the bankrupt act.

Its formal commencement and conclusion do not divest it of this character. Its *gist* is the allegation of fraud and wilful concealment of property, and the particular acts relied upon are properly stated as a specification, within the statute, under this general allegation, and it is admissible to state each act, both as a substantive ground for impeachment of the certificate, and as tending to show the fraudulent *intent*, with which each other act alleged was committed. *Chadwick* v. *Sturrett*, 27 Maine 143. *Cutler* v. *Taylor*, 1 Sandf. Sup. Ct. 593. *Dresser* v. *Brooks*, 3 Barb. Sup. Ct. 42. *Swan* v. *Littlefield*, 4 Cush. 574. *Beekman* v. *Wilson*, 9 Met. 434. *Hubbell* v. *Cramp*, 11 Paige 310.

III. But the replication is sufficient at common law. It alleges *fraud* in the procurement of the discharge; and this presents a single, certain and determinate issue. But to plead *fraud* merely, without more, would be faulty; for it would be pleading a legal conclusion. Hence it becomes necessary and proper, to specify, under the general allegation, all those acts, which prove the guilty purpose.

*Converse & Barrett* for defendant.

If the plaintiff's allegations of fraud are to be regarded as technically a *replication*, the demurrer must prevail.

It is in *terms* and *form* a replication. Its technical character and incidents must adhere to it, unless the bankrupt law *forcibly* divest it of *them*. The only thing in that law relating to the subject is in section 4, " and such discharge and certificate, when duly granted shall in all courts of justice be deemed &c., unless the same shall be impeached &c., on prior reasonable notice specifying in writing such fraud and concealment."

A technical replication is known and used only where the common law system of special pleading prevails.

In Vermont and New York and some other states, the giving notice of special matter was allowable only in certain cases by the *defendant under the general issue.*

The giving notice of special matter under a general answer to a special plea is a thing unheard of in Vermont, or in any other state using the common law system of pleading.

It must be conceded, that it is competent under the act to reply fraud by a technical replication in this state. The most that can be claimed is, that it was optional with plaintiff to reply in this manner, or to give notice informally.

It is settled that defendant should *plead* the discharge—having so done, the subsequent proceedings must go along in the established course, 3 Johns. 315.

But again,—If the bankrupt act requires merely *notice,* and excludes the use of a technical replication, then clearly the plaintiff's pleading is obnoxious to our demurrer ; for he has transgressed the law in using a mode of procedure which the law itself excludes.

The counsel further discussed this branch of the case at length. And in support of the defense set up in the case cited, *Harrington* v. *McNaughton,* 20 Vt. 293. *Spaulding* v. *Dixon,* 21 Vt. 45. *Ollcot* v. *Avery,* 1 Barb. Ch. 347. *Johnson* v. *Fitzhugh,* 3 Barb. Ch. cited in 9 U. S. Dig. 65 § 22. *Drewer* v. *Brooks,* 3 Barb. Sup. Ct. cited in 9 U. S. Dig. 66 § 22, 9 U. S. Dig. 66 § 24. *Fox* v. *Woodruff,* 9 Barb. Sup. Ct. 498. *Rogers* v. *Western Ins. Co.,* 1 La. 161. *Francis* v. *Ogden,* New Jer. 210, cited in 12 U. S. Dig. 81 § 29.

The opinion of the court was delivered by

ISHAM, J. To this declaration in debt on judgment, the defendant has pleaded a discharge under the late bankrupt act. If the answer to the plea is to be regarded as a technical replication, it is manifestly defective under this demurrer ; as being double, and containing several distinct and independent matters, each of which constitutes a sufficient answer to the plea. This is not permitted in a replication. The defendant may plead several pleas, each of which may contain distinct matters of defence ; but the replication

to each of the pleas must be single, and contain only one answer to the same plea.  Chitty on Plea. 641.

The plea in this case was fully answered and avoided, by setting forth in the replication the conveyance to David and Hiram Moore, if that conveyance was fraudulent.  This it was proper to reply, and state such facts as would show the conveyance to be fraudulent, as they would make but one connected proposition. Chitty on Plea. 641.  1 Burr. 317.  But when in addition to the statement of that conveyance, the party sets up other conveyances as fraudulent, made to other persons, and of other property, the replication contains more than one answer to the plea, and tenders several and distinct issues, which must necessarily lead to several traverses.  In such case, the replication is defective on special demurrer.

It is insisted, however, that under the 4th section of the bankrupt act, it is not necessary that a technical replication should be filed in answer to such a plea, and that it is sufficient to give the defendant a written notice specifying the fraudulent act and concealment upon which the party relies, to avoid the effect of the plea.  It is also insisted, that if this replication is defective on demurrer, it is good as a written notice under the statute; and that under a notice of that character several distinct acts of fraud may be stated and proved on the trial of the case.  It is probably true, and such we think is the proper construction of the act, that the plaintiff may adopt either of those methods, and may set up this matter in avoidance of the plea by a replication, or by a notice under the statute, at his election.  If he elects to give a written notice, he may state the different acts of fraud, which exist in the case, and prove them on the trial, though they are distinct and independent in their character.  But if he adopts the form of a special replication, thereby calling for a rejoinder, and a special traverse, it must be single in its character, or the defect will be reached by a demurrer.  This replication, we think, is defective in this particular.

In relation to the defense set up in the plea, we think that matter must be considered as settled in this state by the decision of this court in the case of *Harrington* v. *McNaughton,* 20 Vt. 293. In that case it was held, that the certificate of a bankrupt is a bar to an action upon a judgment recovered pending the proceedings

in bankruptcy, and before the granting of the certificate, where the debt upon which the judgment was rendered, was due at the time of the decree in bankruptcy. These are the facts set up in this plea and are admitted by the demurrer. The judgment, therefore, upon which the plaintiff has declared, must be considered as barred by this certificate.

We are aware that a different rule has been adopted in some of the other states. *Woodbury* v. *Perkins*, 5 Cush. 86. *Pike* v. *McDonald*, 32 Maine 418, and in other cases which have been referred to; while other states have applied the rule adopted in the case from 20 Vt. 293; *Spaulding* v. *Dixon*, 21 Vt. 45. *Fox* v. *Woodruff*, 9 Barb. S. C. R. 498. *Clark* v. *Rowling*, 3 Compt. 216.

The decisions in different states are in conflict with each other on this question, and as the matter has been investigated and decided in this state, we must regard the subject as not open for further consideration.

The judgment of the County Court is affirmed.