## Case No. 5,203.

### In re GALLISON et al.

[2 Lowell, 72;[1] 5 N. B. R..353.]

District Court, D. Massachusetts. Oct., 1871.

E. Avery, for creditors.

J. M. Baker, for bankrupts.

LOWELL, District Judge. The creditors have not taken the ground that the applica-

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]

.tion for discharge should have been made within a year after the adjudication. The decision of Nelson, J., in Re Greenfield [Case No. 5,773], that the limit applies only to cases in which there are no assets, has been followed by me for the sake of uniformity of practice, until the circuit court here should pass upon the question, and has been accepted elsewhere, though as an original question its soundness is more than doubtful.

The debtors maintain. that S. Klous & Co. are not interested in the question of their discharge; because they have obtained a judgment since the proceedings were begun, which will not be affected by the result. It has been one of the vexed questions of the law, whether a discharge in bankruptcy or insolvency will operate on a judgment obtained after the date to which the discharge relates, but before it is actually issued; that is, pending the bankrupt proceedings. In Maine and Massachusetts it has been held that the judgment merges the original debt, and cannot be proved in the bankruptcy, and will not be affected by the certificate. Holbrook v. Foss, 27 Me. 441; Fisher v. Foss, 30 Me. 459; Pike v. McDonald, 32 Me. 418; Sampson v. Clark, 2 Cush. 173; Woodbury v. Perkins, 5 Cush. 86; Faxon v. Baxter, 11 Cush. 35. See Wolcott v. Hodge, 15 Gray, 547.

On the other hand, in New York and Vermont the decision has been, that the judgment may be looked into; and, if it is found that the debt was one that would be discharged, the judgment will be barred. Harrington v. McNaughton, 20 Vt. 293; Downer v. Rowell, 26 Vt. 397; Dresser v. Brooks, 3 Barb. 429; Fox v. Woodruff, 9 Barb. 498; Clark v. Rowling, 3 N. Y. 216. A similar difference of opinion has already appeared in connection with the act of 1867 [14 Stat. 517]. In re Williams [Case No. 17,705]; Bradford v. Rice, 102 Mass. 472; In re Brown [Case No. 1,975]; In re Crawford [Id. 3,363].

The argument for the side which the defendant assumes in this case appears to me much the stronger. It is not only the technical doctrine of merger which is involved, but. the defendant has had his day in court and one opportunity to plead this defence; and I take it to be a rule of the highest importance, that a defence which might have been made to the original cause of action can never be made to the judgment. Now, the bankrupt act provides most carefully for a stay of suit until the defendant's discharge is passed upon; giving, by fair implication, a power to the district court even to enjoin actions in the state courts, contrary to the general practice. All this is for the very purpose of enabling the bankrupt to plead his discharge. If he does not choose to avail himself of this right, what possible ground is there for saying that the judgment shall not bind him? Are we to inquire in each case why his plea was not set up, or why it was overruled? It may be that the state court was of opinion that the discharge, if granted, would be no bar. We cannot impeach their decision collaterally. It may be that the bankrupt intended not to set up the discharge against this creditor. We cannot authorize him to reconsider this determination. It may be that he was surprised. If there were any failure of justice in the particular case, the remedy must of course be found with the tribunals of the same jurisdiction. Until they have. reversed or set aside the judgment, it operates as a new contract; and cannot be barred by a discharge which distinctly relates, as does this, to a date two years earlier

Coming to the decisions, we find that the two leading cases in New York both contain dissenting opinions of great ability, by Allen, J., in 3 Barb. 429, and Bronson, J., in 3 N. Y. 216, besides decisions and dicta of inferior courts of that state, against the doctrine finally established there. I consider these dissenting opinions well worthy of examination, and refer to them as able statements of what I consider the true doctrine; and they cannot but weaken the force of these authorities. But the conflict is really explained by the difference of practice in the several states. In Massachusetts, the bankrupt could always obtain a continuance to enable him to plead his discharge; while in New York he could not. This difference is pointed out in Haggerty v. Amory, 7 Allen, 458; and is confirmed by the remarks of the learned judge who delivered the opinion of the court in 3 N. Y. 224, where, in commenting on a remark of the chancellor at 11 Paige, 535, that the defendant ought to have pleaded his discharge at law, he says: "And this may be conceded where the defendant has an opportunity for that purpose, which was not the case of the defendants in this suit." In consideration of this concession, it may well be doubted whether the decision would have been the same under a law which gives the most ample "opportunity for that purpose," as ours does.

In truth, this is the source of the whole difficulty. It is seen to be unjust that a creditor should push his debt to judgment against a bankrupt who is using due diligence to obtain his discharge, and who has surrendered all his property. The early English practice gave the creditor an election to prove in bankruptcy or prosecute his action; and, if he obtained judgment and execution, he could dispute the validity of the proceedings in bankruptcy, by seizing the property in the hands of the assignees,—a practice which led to a vast amount of litigation and uncertainty. He might, instead of seizing property, take the debtor in execution. But it was enacted, as early as 1730, that, if a creditor did obtain such a judgment and take the debtor in execution, or detain him in prison, after he had received his certificate, he should be discharged on

motion. St. 5 Geo. II. c. 30, § 13. And this was continued in force until 1869. The English practice has had an undue weight in some of the decisions in this country. See the arguments in Dresser v. Brooks, 3 Barb. 429. The law was so in England; but it was the statute itself which provided for the case, and not any general rule in bankruptcy. It is easy to see, by studying the English cases, that this practice was established by statute to meet the very difficulty which our statute meets by granting a stay of actions until the question of discharge is determined. The statute of 1869 will work an entire change of the practice in England, and bring it to the true position. It gives the court of bankruptcy full power to stay actions; and no summary motion will hereafter be made, nor any judgment be obtained in that country, excepting such as will not be discharged by the certificate.

By our law—section 21 (Rev. St. § 5106)—an action may, by leave of the court in bankruptcy, proceed to judgment for the purpose of ascertaining the amount due; and that judgment may then be proved, but execution shall be stayed. This exception strengthens the argument for the general rule; because it implies that an ordinary judgment, procured after the proceedings in bankruptcy are begun, cannot be proved in the bankruptcy. It is clearly the intent of the proviso, that it should appear of record that the suit is prosecuted only for the particular purpose of establishing the amount of the debt, and that the court in which the suit is pending should modify its judgment as may be necessary to meet this state of facts, and should take care that no execution shall issue; and, if the discharge should afterwards be granted, that court ought undoubtedly to vacate or discharge the judgment in some proper way, and I hold it to be the duty of the creditor to see that the record is rightly made up. This provision is useless if an ordinary judgment, not obtained by virtue of this proviso, can be proved in the bankruptcy. The objecting creditor here did not apply for leave to prosecute; did not record the fact that he intended to prove his judgment; did not stay his execution, but took it out, and now holds and intends to enforce it. It was argued in his behalf that the superior court may yet set it aside. But he cannot be heard to set up this possibility, when he himself is still relying on the judgment, which was obtained by his own act, and the validity of which he intends to maintain if he can.

For the reasons given and upon a careful examination of the decisions, I am of opinion that a judgment obtained after the adjudication in bankruptcy, creates a new debt which cannot be proved in bankruptcy; and that the judgment creditor cannot oppose the discharge, because he has no provable debt, and because the discharge will be no bar to the judgment.

These creditors proved their debt before they obtained the judgment, and have a standing in court which no one has undertaken to destroy by a motion to expunge. I hold it, therefore, within my power to say that they may keep their proof if they will file a stipulation to release their judgment, in case the final decision in bankruptcy should grant the bankrupt his discharge. This will meet the exact justice as well as the law of this case. If they shall do this within a week, I will hear the case further. If not, the objections will be dismissed.

Order accordingly.