JOSEPH MCCARTHY ET AL., Defendants in Error, *v.* AARON
S. W. GOODWIN ET AL., Plaintiffs in Error.

February 24, 1880.

A judgment by default obtained in a State court against a bankrupt, pending
bankrupt proceedings, but before discharge, upon a debt contracted prior
to the adjudication in bankruptcy, and provable against the estate, is not
discharged by the discharge in bankruptcy.

ERROR to the St. Louis Circuit Court.
*Affirmed.*

TAYLOR & POLLARD, for the plaintiffs in error: It is
provided by the Bankrupt Act that a discharge duly
granted shall (with the exceptions specified in sect. 83)
release the bankrupt from all debts, claims, liabilities, and
demands which were, or might have been proved against
his estate in bankruptcy. — Bankrupt Act, sect. 34; U. S.
Stats., sect. 509. The fact that a debt or demand which ex-
isted at the time proceedings were instituted in bankruptcy
is reduced to judgment before the discharge of the bank-
rupt, does not prevent the debt or demand from being ex-
tinguished by such discharge. Such a judgment is extin-
guished or discharged by the discharge of the bankrupt. —
*Norton* v. *Switzer*, 3 Otto, 355; *Clark* v. *Rowling*, 3 N. Y.
216; *Monk* v. *Upton*, 6 Lans. 255; *Warne* v. *Constant*, 5
Johns. 135; *Ruckman* v. *Powell*, 1 Comst. 505; *Fox* v.
*Woodruff*, 9 Bush, 498; *Wolf* v. *Wynkoop*, 1 How. Pr.
56; *Downer* v. *Rowell*, 26 Vt. 397; *Curtis* v. *Slosson*, 6
Pa. St. 265; *Ewing* v. *Peck*, 17 Ala. 339; *Brown* v. *Bank*,
20 Ala. 420; *Bostwick* v. *Dodge*, 2 Dougl. (Mich.) 331;
*Parks* v. *Goodin*, 1 Mich. 35; *Dick* v. *Powell*, 2 Swan, 632;
*Rogers* v. *Western Marine Fire Ins. Co.*, 1 La. An. 161;
*Frulay* v. *Carpenter*, 14 Cal. 173; *Bank* v. *Franciscus*, 15
Mo. 308; *Owens* v. *Bowie*, 2 Md. 457; *Francis* v. *Ogden*,
22 N. J. 210; *Drake* v. *Campbell*, 3 East, 258, 259.

T. J. ROWE, for the defendants in error: The judgment,

having been rendered prior to the discharge in bankruptcy, was not satisfied by such discharge. — *Haber* v. *Klauberg*, 3 Mo. App. 342 ; *Bank* v. *Franciscus*, 15 Mo. 308 ; *In re Gallison*, 5 Nat. Bank. Reg. 353 ; *Seibel* v. *Simon*, 62 Mo. 257 ; *Cutter* v. *Evans*, 115 Mass. 27 ; *Bradford* v. *Rice*, 102 Mass. 472 ; *Woodbury* v. *Perkins*, 59 Mass. 86 ; *Lovejoy* v. *Webber*, 10 Mass. 103 ; *Thatcher* v. *Gammon*, 12 Mass. 270 ; *Faxon* v. *Baxter*, 11 Cush. 35 ; *Thompson* v. *Hewitt*, 6 Hill, 254 ; *Kellogg* v. *Schuyler*, 2 Denio, 73 ; *Ingersoll* v. *Rhoades*, Hill & D. Supp. 371 ; *Roden* v. *Jaco*, 17 Ala. 344 ; *In re Williams*, 2 Nat. Bank Reg. 229 ; *In re Mansfield*, 6 Nat. Bank. Reg. 388 ; *Ex parte Foster*, 2 Story, 139 ; *Johnson* v. *Bishop*, 8 Nat. Bank. Reg. 533 ; *Kent* v. *Downing*, 10 Nat. Bank. Reg. 538 ; *Eyster* v. *Gaff*, 1 Otto, 521 ; *Doe* v. *Childress*, 21 Wall. 643 ; *Bracken* v. *Johnson*, 4 Cent. L. J. 9 ; *Hollister* v. *Abbott*, 31 N. H. 442 ; *Green* v. *Sarmiento*, 1 Pet. 74.

HAYDEN, J., delivered the opinion of the court.

The question involved is as to the effect of a judgment obtained in a State court against a bankrupt, pending bankrupt proceedings but before discharge, upon a debt provable against the estate and contracted prior to the adjudication in bankruptcy. This suit, on an open account, was brought on the twenty-first day of May, 1877. In October, 1877, the plaintiffs took default for failure to answer, and on November 30, 1877, final judgment, no suggestion of bankruptcy having been made. On September 22, 1877, the defendants were adjudicated bankrupts, and on April 27, 1878, obtained their discharge. On October 12, 1877, the plaintiffs proved their claims in bankruptcy, and afterwards, and before execution was issued, collected a dividend, for which they gave credit on the execution issued in this case. The defendants filed their motion to quash the execution, claiming that the discharge in bankruptcy discharged

the judgment, and now appeal from the order overruling their motion.

The conclusions reached by this court in the case of *Haber* v. *Klauberg*, 3 Mo. App. 342, go far to decide the case. We are satisfied that the conclusions there reached are correct, and the grounds on which they rest need not again be discussed. That case is in harmony with the decision of the Supreme Court of this State in *Bank of Missouri* v. *Franciscus*, 15 Mo. 308, where the court holds that the facts in regard to the bankrupt proceedings are like any other facts, and must be pleaded. Though there are decisions which countenance the opposite view, they cannot be defended upon principle; and, if carried to their logical result, their doctrine seems to lead only to absurdities. In the case at bar, the defendant had full opportunity to suggest the pendency of the proceedings in bankruptcy, and to make such a showing as would have secured the necessary delay. Yet, virtually, he refused to do this. Why should he be treated in a different manner from any defendant who fails to bring to the notice of the court, pending proceedings, any matter which may be a possible ground of defence? It is said that it is impossible for a bankrupt to plead his discharge before he has obtained it. This avoids, but does not meet the question. The pendency of the proceedings can always be suggested, and, if this plea is disallowed as ground for delay, and discharge is afterwards obtained, redress will then be open to the defendant.

The New York decisions upon which the defendant relies have not commanded general assent. *Clark* v. *Rowling*, 3 N. Y. 216 (Bronson, C. J., and Jewett, J., dissenting); *Dresser* v. *Brooks*, 3 Barb. 429. The difference between the New York and Massachusetts decisions is said to rest upon the fact that in Massachusetts the bankrupt could always obtain a continuance to enable him to plead his discharge, while in New York he could not. *Haggerty* v.

*Amory,* 7 Allen, 458; *In re Gallison,* 5 Nat. Bank. Reg. 353. We are satisfied that the correct doctrine is that, under the circumstances stated, the judgment is valid, and is not discharged by the discharge of the debtor in bankruptcy. U. S. Stats. 1867, chap. 176, sect. 21; *Cutter* v. *Evans,* 115 Mass. 27; *Palmer* v. *Merrill,* 57 Me. 28; *Fisher* v. *Foss,* 30 Me. 459. See *Doe* v. *Childress,* 21 Wall. 643; *Eyster* v. *Gaff,* 91 U. S. 521.

The judgment is affirmed. Judge BAKEWELL concurs; Judge LEWIS is absent.