GILMAN *v.* CATE & *a.*

The report and assessment of damages, by a referee appointed under the
statute of 1876, and made during the pendency of bankruptcy pro-
ceedings in an action for a tort, do not constitute a debt which may be
proved against the defendant's estate in bankruptcy.

TRESPASS, *qu. cl.* Facts found by the court. At the Septem-
ber term, 1876, the cause was sent to a referee, with a commission
instructing him that his report was to be final. At a hearing
begun Jan. 29, 1877, the referee found and reported that the de-
fendants were guilty, and assessed the plaintiff's damages at $40.
At the March term, 1878, upon suggestion that Calvin F. Cate,
one of the defendants, was in bankruptcy, the action was entered
dismissed as to him.

At the March term, 1884, on the plaintiff's motion, the action
was brought forward and the entry of "dismissed" stricken off.
Calvin F. Cate then pleaded his discharge in bankruptcy, and the
plaintiff replied that the causes of action alleged were not prova-
ble in bankruptcy, and were in no way affected or barred by the
discharge in bankruptcy. The defendant rejoined, traversing the
allegations of the replication.

Cate filed his petition in bankruptcy Aug. 29, 1877, and was
duly adjudicated a bankrupt thereon, and received his discharge
April 10, 1878. The hearing before the referee was completed
and the damages assessed before the filing of the petition in bank-
ruptcy, but there was no order for judgment on the report before
that time.

*Aldrich & Remick*, for the plaintiff.

*Bingham, Mitchells & Batchellor*, for C. F. Cate. 1. The plain-
tiff's claim, on which this suit is based, was a demand against the
defendants for "goods or chattels wrongfully taken, converted, or
withheld" by them, within the meaning of U. S. Rev. Sts., *s.* 5067.

2. The claim had become liquidated by the award of a referee
selected by the parties, whose report was to be final, and was prov-
able in bankruptcy against the estate of the defendants, or that of
either of them, even though it might not be provable in its original
form.

The plaintiff's claim being provable, the discharge bars it, so
that there is now no existing claim upon which judgment can be
rendered. The award of the referee was a liquidation of the dam-
ages; and those damages became a fixed debt against the defend-
ants from the moment the award was made, and the award or report
is the evidence of that debt. A formal entry of judgment upon it
by the court was not necessary to give it the force and effect of a
liquidated claim. *Baker's Case,* 2 Strange 1152; *Ex parte Hard-*

*ing, in re Pickering*, 27 E. L. & E. 267—*S. C.*, 5 De G., Mac. & G. 367; *Dinsdale* v. *Eames*, 2 B. & B. 8; *Beeston* v. *White*, 7 Price 209; *Monroe* v. *Upton*, 6 Lansing 256—*S. C.*, 50 N. Y. 593; *Ex parte Birch*, 7 D. & R. 436—*S. C.*, 4 B. & C. 880.

SMITH, J.    No debts other than those specified in *ss.* 5067–5071, U. S. Rev. Sts., are provable against the estate of the bankrupt.    *Ib., s.* 5072.    The plaintiff's claim or demand set forth in the declaration is not a debt.    It is not created by, and does not spring out of, any judgment, award, specialty, contract, or promise. A demand for a trespass *qu. cl.* is not a debt provable in bankruptcy or insolvency.    *Hapgood* v. *Blood*, 11 Gray 400; *Crosby* v. *Wentworth*, 7 Met. 10; *Strong* v. *White*, 9 Johns. 161; *In re Schuchardt*, 15 B. R. 161; *In re Sutherland*, 3 B. R. 314; *Black* v. *McClelland*, 12 B. R. 481.

In *In re Hennocksburg*, 7 B. R. 37, it was held that an action for assault and battery and false imprisonment, being in tort for a personal injury, may be prosecuted to final judgment after the petition in bankruptcy is filed, and a judgment recovered may be prosecuted against the bankrupt's estate, for the reason that a claim of this nature is not a provable debt until final judgment, and hence does not come within the language of the second clause of *s.* 21 of the act of March 2, 1867 (*s.* 5106, U. S. Rev. Sts.). That case is a direct authority that a claim for a tort is not provable in bankruptcy.    The holding that a judgment recovered upon such a claim during the pendency of bankruptcy proceedings may be proved against the estate of the bankrupt, seems opposed to the great weight of authority.    In the more recent case of *Black* v. *McClelland, supra*, it was decided that a judgment entered in an action for a personal tort after the commencement of the proceedings in bankruptcy upon a verdict rendered before that time is not a provable debt.

The plaintiff's claim is not a demand " for or on account of any goods or chattels wrongfully taken, converted, or withheld by the bankrupt."    These provisions are limited to demands for personal property wrongfully taken, and do not include a demand for a trespass *quare clausum* where damages are claimed for cutting and carrying away wood and timber trees, part of the real estate trespassed upon, and which only become personal property by the trespass itself.    *Hapgood* v. *Blood, supra*, 402.    The gist of the action is the breaking and entering, and the value of the wood and timber is only a part of the damages.    *Brown* v. *Manter*, 22 N. H. 468.    Nor is the plaintiff's demand one for unliquidated damages arising out of a contract or promise, where the court may order the damages assessed in such mode as it may deem best, and permit the sum so assessed to be proved against the estate of the bankrupt, as was the case in *Monroe* v. *Upton*, 50 N. Y. 593, cited by the defendant.

These views, as the pleadings stand, would seem to dispose of this case. The issue tendered by the rejoinder is, whether the cause of action alleged in the declaration was provable in bankruptcy, or was barred by the defendant's discharge. But the position has been taken in argument that the report created a debt provable against the defendant's estate. The question thus presented is, whether the report of the referee assessing the plaintiff's damages, not as yet accepted by the court, and on which no judgment has been rendered, became a debt which the plaintiff could prove against the estate of the defendant in bankruptcy. It is claimed that the report has all the force of a judgment in which the original claim for damages has merged. When a judgment has been rendered in an action upon a contract or obligation, the original debt is merged and extinguished in the judgment, and no second action can be brought upon the contract or obligation so long as the judgment remains unreversed. So a claim for damages on account of a tort is extinguished by a judgment recovered for the wrong. There cannot be a second action for the same injury. So where a creditor obtains security of a higher nature than he had before, it is an extinguishment of the first debt or security, except where the second security is collateral to the first. *Higgens's Case,* 6 Co. 44; *Goodwyn* v. *Goodwyn,* Yelv. 39; Vin. Ab., Debt (Y); Bac. Ab., Extinguishment (D); *Andrews* v. *Smith,* 9 Wend. 53; *Davis* v. *Anable,* 2 Hill 339; *Clark* v. *Rowling,* 3 N. Y. 216, 227; *Varney* v. *Brewster,* 14 N. H. 49; *Elliott* v. *Quimby,* 13 N. H. 181.

Hence, when a debt provable in bankruptcy has passed into a judgment after the commencement of proceedings in bankruptcy, it is held that a new debt is thereby created which cannot be proved in bankruptcy, because the judgment is a merger, and creates a new debt which did not exist at the time of the commencement of the bankruptcy proceedings; nor can the original debt be proved because it has become extinguished. *In re Gallison,* 5 B. R. 353; *Bradford* v. *Rice,* 102 Mass. 472; *Sampson* v. *Clark,* 2 Cush. 173; *Woodbury* v. *Perkins,* 5 Cush. 86; *Faxon* v. *Baxter,* 11 Cush. 35; *Wolcott* v. *Hodge,* 15 Gray 547; *Holbrook* v. *Foss,* 27 Me. 441; *Fisher* v. *Foss,* 30 Me. 459; *Pike* v. *McDonald,* 32 Me. 418; *Wheeler, &c., Company,* v. *Taft,* 61 N. H. 1. If, then, a debt provable in bankruptcy is merged in a judgment recovered during the pendency of bankruptcy proceedings so that neither the original debt nor the judgment can be proved against the bankrupt's estate, *a fortiori* a judgment so recovered upon a non-provable claim cannot be proved against his estate. *In re Schuchardt, supra; In re Sutherland, supra. Mann* v. *Houghton,* 7 Cush. 592, is a case very much in point. The action was referred to arbitrators by a rule of court, who awarded costs to the defendant. Before the award was accepted by the court the plaintiff took the benefit of the insolvent law and obtained his dis-

charge. It was held that his discharge did not bar the defendant's claim for the costs awarded, because the defendant's claim was not provable against the plaintiff's estate in insolvency, not being due or payable until after the award was accepted, which was subsequent to the commencement of the insolvency proceedings.

There are cases which hold that the judgment may be looked into, and if it is found that the debt was one that would be discharged, the judgment will be barred. *Harrington* v. *McNaughton*, 20 Vt. 293; *Downer* v. *Rowell*, 26 Vt. 397; *Dresser* v. *Brooks*, 3 Barb. 429; *Fox* v. *Woodruff*, 9 Barb. 498; *Clark* v. *Rowling*, 3 N. Y. 216; *Robinson* v. *Vale*, 4 D. & R. 430; *Ex parte Birch*, 7 D. & R. 436; *Ex parte Lloyd*, 17 Ves. 245; Owen Bankruptcy, c. 11. But it is said, in the well considered opinion in *In re Gallison*, 5 B. R. 353, that the source of the conflict is, that in some jurisdictions there is no provision for a stay of proceedings until the bankrupt can obtain and plead his discharge. Accordingly it was enacted in England in 1730 (Sts. 5 Geo. 2, c. 30, s. 13) that when a creditor obtains a judgment and takes his debtor on execution, he shall be discharged on motion. "This," Judge *Lowell* says, "is the foundation of all the English decisions, and they have given rise to an impression that in bankruptcy a judgment obtained during the pendency of the bankruptcy proceedings will be discharged, and these decisions have had an undue weight in some of the decisions in this country." See, also, *Woodbury* v. *Perkins*, 5 Cush. 86, 89, and *Sampson* v. *Clark*, 2 Cush. 175.

The report of the referee was not a judgment, nor did it have the force of a judgment. The reference was not an arbitration at common law, nor the report a common-law award, binding like a judgment upon the parties when published. Until accepted by the court, and judgment rendered upon it, it was subject to recommittal, or rejection for cause shown. Like the verdict of a jury, or the report of an auditor or master, it is not a judgment in and of itself, but merely the foundation for a judgment, if the court shall so adjudge. Neither a verdict nor a report before judgment is a debt due and payable either presently or at a future day. "The judgment, when rendered, establishes the indebtedness and impresses the obligation of payment, and so may be said to create the debt. Not until it has passed is there a debt due and payable." *Black* v. *McClelland, supra*. The defendant has cited *Ex parte Harding, in re Pickering*, 27 E. L. & E. 267, as authority that the amount of an award may be proved as a liquidated sum against the bankrupt's estate. That was an action of assumpsit to recover the balance of an account, in which the plaintiff had a verdict by consent, subject to a reference to an arbitrator, who subsequently made an award in favor of the plaintiff. The defendant then committed an act of bankruptcy, after which judgment was signed for the plaintiff for the amount of the award. The plaintiff having

proved his judgment against the estate of the defendant in bankruptcy, his assignee moved to expunge the proof, upon the ground that the judgment was not signed until after the creditor had notice of the act of bankruptcy. It was held that the creditor was entitled to prove for the debt awarded, interest and costs as a liquidated sum, on the ground that the award was more than a verdict rendering the sum provable as a debt, until it could be shown that the award could be set aside at law. *Turner*, L. J., said,—— "It is argued that the arbitrator was in the place of a jury: if he was so, he was in the place of a jury whose decision both parties had agreed should be conclusive on them." Without a fuller knowledge of the provisions of the English bankrupt act than the case discloses, it is not easy to measure the value of that decision as an authority under our statute. Stress was laid upon the fact that the creditor had knowledge of the act of bankruptcy when the judgment was signed. The judgment was signed before the petition for adjudication was filed, which, under our statute, is the commencement of the bankruptcy proceedings. The reference seems to have been regarded as equivalent to a common-law arbitration. The referee is called the arbitrator, and his report an award. By the agreement for reference the arbitrator had power to direct a verdict for either party, with costs of suit and costs of reference. The course pursued resembles closely the course under our statute, where a suit, pending at the commencement of bankruptcy proceedings, to recover a claim specified in the sections before cited, the damages being unliquidated, may be prosecuted so far as to ascertain by a trial the amount of the debtor's indebtedness to enable the creditor to prove his claim against the bankrupt's estate.

Whether the amount of a verdict is a provable debt against the bankrupt was for a long time a disputed question in England, and the English decisions on this point are in conflict with each other. In *Ex parte Hill*, 11 Ves. 646, the cases are discussed, and Lord *Eldon* expressed strong doubt of the soundness of those cases which held that a verdict in an action for damages for a tort was a provable debt in bankruptcy. *Ex parte Charles*, 16 Ves. 256 (14 East 198), was a petition to set aside a commission of bankruptcy which had issued upon a creditor's petition, whose debt consisted of a verdict for damages in an action of breach of promise of marriage rendered before the act of bankruptcy, and upon which judgment was entered before the allowance of the commission. The judges of the king's bench " unanimously certified their opinion that the debt of the petitioning creditor was not sufficient in law to support the commission. Since then [1811] the law has been settled accordingly in England." *McKenna*, J., in *Black* v. *McClelland*, *supra*.

Our conclusion is, that, both upon principle and authority, the report and assessment of damages by a referee appointed under

the statute of 1876, and made during the pendency of bankruptcy proceedings in an action for a tort, do not constitute a debt which may be proved against the defendant's estate in bankruptcy.

It is objected that the order made at the March term, 1878, dismissing the action as to Calvin F. Cate, was a final disposition of the action as to him which cannot be revoked. Whether the order of dismissal was so far final as to become a judgment, or was in the nature of a final judgment, the court had power to vacate it upon notice and a hearing, and to reinstate the action upon the docket. *Aldrich* v. *Wright*, 57 N. H. 104; *Adams* v. *Adams*, 51 N. H. 388; *Russell* v. *Dyer*, 39 N. H. 528; *Johnson* v. *Railroad*, 43 N. H. 410; *Judge of Probate* v. *Webster*, 46 N. H. 518; *McIntire* v. *Carr*, 59 N. H. 207; *Moore* v. *Carpenter*, 63 N. H. 65; *Clough* v. *Moore*, 63 N. H. 111. Whether proper cause was shown for the course pursued was a question of fact to be determined at the trial term. The plaintiff is entitled to judgment on the report.

*Case discharged.*

CARPENTER and BINGHAM, JJ., did not sit: the others concurred.