STATE'S TREASURER *vs.* SHIVERIC HOLMES.

Any matter of defence, which goes only to a part of the plaintiff's claim, should be pleaded to so much only, as it tends to meet.

It is no defence to *scire facias* on a judgement, that the plaintiff has received the amount from the officer, who had failed to collect of the debtor, when the debtor has never paid the debt, and the creditor permits his name to be used for the benefit of the officer.

This was a writ of *scire facias*, calling upon the defendant to show cause, if any he had, why the plaintiff should not have execution upon a judgement, which the plaintiff, several years before, had recovered against the defendant, and which the plaintiff, in his writ of *scire facias*, affirmed to be in full force, whereof execution remained to be done.

The defence, set up by the defendant in the county court, was, That thirty-five dollars, a part of said judgement, had been paid by the defendant, and that the remainder had been paid by one Barlow, a deputy sheriff, as agent for the defendant. This last part of the defence was exhibited in various forms of pleading; to which the plaintiff replied, &c., and several issues were joined to the jury; and they returned a verdict for the plaintiff upon all of them. These verdicts silenced all the controversy except upon two points. One of these was raised by the defendant's motion for a judgement in his favor, notwithstanding the verdict against him. The other question arose upon a bill of exceptions, allowed by the court, stating the facts, that the plaintiff's first execution was delivered to Joel Barlow, deputy sheriff, to collect; that he collected thirty-five dollars of the defendant, and paid it over to the plaintiff's attorney; that he failed to collect the remainder, and thereby became liable to pay the balance, and advanced the same to the plaintiff's attorney, out of his own money, and retained the execution in his own hands; that, before this action was commenced, said attorney paid over the full amount of these monies, so received by him, to the plaintiff, and took his receipt for the same; and that this action was brought and prosecuted by Barlow, in the name of the plaintiff and for the benefit of Barlow, to recover the balance, which had not been paid by this defendant. The defendant's counsel insisted, that, upon these facts, the debt ought to be considered as paid, and the judgement extinguished, and that this action could not be maintained. But the court instructed the jury, that the money advanced by Barlow, in discharge of his liability, ought not to be considered, under the circumstances of the case, a satisfaction or extinguishment of the

judgement; and that if they found the facts as the plaintiff con- <span style="float:right">FRANKLIN, January, 1832.</span>
tended for, they would return a verdict for the plaintiff, so that he
might have execution for the balance. The jury accordingly
found a verdict for the plaintiff. The defendant brought up the
case with a view to reverse the judgement of the county court, on
one or both of the grounds above named.

S. Treasurer
vs.
Holmes.

*Argument for the defendant.*—The defendant insists that this
payment by Barlow, with his own money, as found by the jury,
was a *full* and *complete* satisfaction of the judgement, so that *no
action* can be sustained thereon.

1. Because the payment by Barlow was not qualified or condi-
tional, nor a mere advance of money to the creditor. He receiv-
ed the money from the officer without *any stipulation* or *condi-
tion*, but as an absolute and perfect discharge of the debt. The
debt must therefore be considered satisfied as to the judgement
creditor.—15 *Johns.* 443, *Sherman* vs. *Boyce ; Peake's Ni. Pri.
cases*, 144, *Eyles* vs. *Faikney, note.*

2. If this fact be established, the law deems the officer *"func-
tus officio."* The direct and sole object of calling in the aid of
the law, was to compel payment to the creditor. This object be-
ing accomplished, and the creditor satisfied, the power conferred
by it is spent, and the officer is not permitted to use it for his own
benefit.—*Langdon* vs. *Wallis*, 1 *Lutw.* 589. The law requires
of sheriffs a strict execution and observance of their precepts ; and
if an officer holding an execution sleeps, upon it, and tortiously
neglecting his duty,fails to execute it, and satisfies the judgement
out of his own money, he is entirely without remedy against the
debtor.—*Reed* vs. *Staats et al.* 7 *Johns.* 425 ; *Weller* vs.
*Weedale, Noy*, 107. He will not be suffered by a *voluntary* neg-
lect, and a consequent after payment, which is in effect a volun-
tary payment, to make a third person his debtor, *without* the con-
currence of either of the other parties ; for it is a well settled max-
im of law that " no man shall take advantage of his own wrong."

3. If there is a debt *any* where existing, after the satisfaction
of the judgement creditor by the officer, it *must* be in *favor*
of the *officer ;* and it would be a strange anomaly in a court of
justice, if an officer of a court could wield the process of that
court, to redress his *own* grievance, compel payment of *his own*
debts, and exact such a *measure* of justice as *he* should think due
to *himself.* It would constitute him the minister of *justice* or
*vengeance* in his *own* cause ; and would not only open the way

FRANKLIN,
January,
1832.

S. Treasurer.
vs.
Holmes.

for infinite abuse, oppression and cruelty, but would, says *Platt*, Justice, in *Sherman* vs. *Boyce*, " tend to subvert the foundation of private rights and civil liberty. Then, after the creditor is satisfied, and his rights extinguished, and the debt, if not discharged, has become the officer's, if he cannot use the original process to enforce payment of it to him, can he be permitted to procure an execution that will avail him, by an action on the judgement, and thus accumulate another bill of cost? Most clearly he cannot. It would produce a multiplicity of suits—oppress the debtor by increasing the debt—without in the least remedying the evil of the principle.

4. The plaintiff in this case, having had a full and perfect satisfaction of his debt, cannot maintain the action for his *own benefit*, for "no man shall have two satisfactions for the same thing." And though, as it respects the debtor, *he may* have paid nothing, yet the plaintiff cannot on that account sustain an action against him any better than he could against each trespasser in cases of joint trespass, after having received satisfaction from one of them. —*Bird* vs. *Randall*, 5 *Burr.* 1345 ; *Cooke* vs. *Turner, Hob.* 66; *Sanderson* vs. *Caldwell*, 2 *Aikens*, 195 ; 2 *Saund.* 148, *in note*. Barlow, the officer, cannot maintain an action in his own name against the debtor, without first a demand upon him for the money, and a request from him to pay it ; of which there was neither in this case. Without these, " it is very clear," say the court in *Allen* vs. *Holden*, 9 *Mass.* 136—" that the action cannot be maintained by the officer ; for he would be obliged to found his claim on his own failure of duty.—*Menderlock* vs. *Hopkins*, 8 *Johns.* 340 ; *Jones* vs. *Wilson*, 3 *Johns.* 430 ; *Beach* vs. *Van Denburgh*, 10 *Johns.* 369 ; *Walkeld* vs. *Mamakating*, 14 *Johns.* 87.

5. It is made the duty of all sheriffs, " to execute and return " every precept agreeably to the directions therein given," and the law will not lend its aid to relieve an officer who has been guilty of any breach of duty, not even where the other party has acted grossly dishonest.—*Stat.* 203 ; 17 *Com. Law Rep. p.* 17, *Collins* vs. *Snuggs* ; 4 *East*, 568, *Sedgeworth* vs. *Spicer* ; 7 *Term Rep.* 109, *Fuller* vs. *Prest* ; 1 *Term Rep.* 418, *Rogers* vs. *Reeves.*

This case is analogous to that of arrest and a voluntary escape. If in that case the creditor chooses to pursue his lien upon the officer, and thereby obtains satisfaction from him, the officer has no remedy against the debtor, neither by arrest on the original pro-

cess, nor by a suit : the creditor having once received *satisfaction*
is also barred. And even an agreement, by a third person, that,
if the officer will delay the commitment of the debtor for a certain
time, he shall be forthcoming at the end of the time, in the
life of the execution, is void; for it *tends* to a *breach* of *duty.*—10
*Mass*, 59, *Appleby* vs. *Clark* ; 2 *Bac.* 24 ; 4 *Mass.* 370, *Ayer*
vs. *Hutchins* ; 2 *Vt. Rep.* 344, *Stevens* vs. *Webb.*

*Argument, for the plaintiff.*—The plaintiff in this case con-
tends that the directions given to the jury by the court were right.
It appears from the case that the money advanced by Joel Barlow,
(the person for whose benefit the suit was brought,) was not in
payment and discharge of the judgement and execution against
*Holmes* ; but it was advanced by Barlow to obtain a discharge of
his liability to the plaintiff. The fact that Barlow paid to the
plaintiff the *whole amount due from Holmes* to procure a dis-
charge of his liability, no more operates as a *payment* and *discharge*
of the judgement against *Holmes,* than it would had a less sum
than the whole balance of the execution been paid by Barlow.
Now it will not be contended, that, had Barlow paid the plaintiff
the trifling sum of five dollars to procure a discharge of his liability,
this would operate to discharge the judgement against *Holmes.*
But if the sum paid by Barlow to the plaintiff's attorney, in dis-
charge of his liability, is to be so far regarded as a payment of
the execution against *Holmes,* that the plaintiff could enforce the
collection of the balance due against *Holmes* for his own benefit,
still, it is contended, that an action can be maintained against
*Holmes* on this judgement, in the name of the plaintiff, for the
benefit of Barlow, who is equitably entitled to the balance due on
said judgement against *Holmes.* The Court are bound to pro-
tect the equitable interest which Barlow has in this judgement,
and aid him to recover the sum honestly due from the defendant.
—*Allen* vs. *Holden,* 9 *Mass. Rep.* 133 ; *Brown* vs. *The Maine
Bank,* 11 *Mass. Rep.* 153 ; 15 *Mass. Rep.* 481 ; 1 *Term Rep.*
619 ; 1 *Swift's Dig.* 434 ; *Chip. Rep.* 41 ; *Ld. Ray.* 1411.

HUTCHINSON, C. J., *pronounced the opinion of the Court.*—
We find a singular state of pleadings in this case. The plea,
which begins in some measure like a plea in bar, proceeds more
like the answer to a bill in chancery. It is a plea to the whole ;
yet is so pleaded, that it could never be met by any one replication,
that could end in a single issue. The matter of this defence

FRANKLIN,
January,
1832.

S. Treasurer.
vs.
Holmes.

should have been presented in a form wholly different. For instance, as to thirty-five dollars, a part of said judgement, the plaintiff ought not to have his execution, because he, the defendant, paid that sum to the plaintiff, &c., and as to the remainder of said judgement, proceed in like manner to show payment. And, if the defendant wished to present this last in several shapes, as would seem probable by his present plea, he might plead by leave of Court, as many as the facts relied upon would require, to save the rights of the defendant. There must be distinct pleas, and capable of being traversed, or met by a single replication—and all conclude with a verification, just as the pleas to any other action.

To the pleas filed in this case the plaintiff has replied, and, to his replications the defendant has rejoined. And issues were joined to the jury, at the termination of each branch of the pleadings. The verdict of the jury for the plaintiff, upon all these issues, has disposed of every thing, except the two questions named in the case, which indeed are but the same question, raised in different forms.

The defendant's motion for a judgement, notwithstanding a verdict against him, is grounded upon the supposition that one of the issues was immaterial. On examining this issue, we find its materiality depends wholly upon the view the Court may entertain upon the correctness of the instructions given to the jury: for that issue is nothing more nor less, than, whether the payment, of which the defendant claims the benefit, was made by Barlow with his own money, and not as agent for the defendant; and this, when there is no pretence that the defendant has ever paid it, otherwise than through this payment by Barlow, or advancing by Barlow, as the case states it. If the creditor's having received the amount of his debt, after the officer is rendered liable for it by his neglect on the execution, necessarily operates as payment and satisfaction by the debtor, then the issue was immaterial. It was immaterial whether the payment was made by the sheriff, or by the defendant, with the sheriff's money, or with the defendant's money, by the sheriff, in discharge of his own liability, or as agent for the defendant. All these must alike be immaterial, if they alike enure for the benefit of the defendant, in payment and satisfaction of the debt. If so, the instructions were also incorrect; for they attach great importance to the same facts put in issue to the jury, and which the defendant now contends are immaterial.

FRANKLIN,
January,
1832.

S. Treasurer
vs.
Holmes.

The defendant's counsel rely upon the cases they cite from the 7th and 15th of *Johnson's Reports*, to show, that a sheriff, committing a neglect in the collection of an execution, can have no benefit from the judgement or execution, to reimburse himself. It appears to me I have sometime read the report of a decision in that state more in point for the defendant than these. Possibly I may have understood these to go further than appears on a careful perusal of them. These really go no farther than the common principle, considered to be law here, and every where, *That, if any, who stand in the place of the debtor, by signing with and for him, or becoming his bail, pay the debt, it is paid, and can be no more used as against the debtor or any others of his sureties.* They must severally resort to their principal for remuneration, or to their cosureties for a contribution. In these cases cited, if I understand them correctly, the money was actually raised by the debtor himself, with the aid of the sheriff as indorser or surety. That, when paid to the creditor, as fully extinguished the debt, as if some third person, instead of the sheriff, had been indorser or surety.

The plaintiff's counsel cite cases from the 9th and 15th of *Mass. Reports*, to show that the courts in that state sustain actions in the name of the creditor for the benefit of the sheriff, who had become liable on the execution, and had paid its amount to the creditor, and taken his assignment of the debt. Cases have been frequent in this state, where sheriffs and their deputies, have paid over money, when liable by reason of their neglect in collection, and taken a receipt from the creditor or his attorney, and suffered no indorsement upon the execution, and afterwards have collected, by the aid of suits in the name of the creditor; and I recollect no question ever raised upon such a procedure in this state, until in the defence of this action. We are unable to discover any difficulty, or injustice that could ever proceed from sustaining a suit for the benefit of the officer, who has become liable, and has advanced the money to the creditor, on taking his assignment of the debt. If execution is obtained in such suit, it must go into the hands of some officer, who is not interested, for collection. This will avoid a good share of the difficulties the Court were so cautious to avoid in those cases cited from *Johnson's Reports*; and we discover no more difficulty in the present case, than if Barlow had taken an assignment when he advanced the money. How does this case stand? The money now sued for has never been paid by the defendant: but Barlow, the officer, advanced the

FRANXLIN,
January,
1832.

S. Treasurer
vs.
Holmes.

amount to the plaintiff, and the plaintiff tells us of record, that he is prosecuting this suit for the benefit of Barlow. The officer neglecting, must never be permitted to speculate, becoming himself liable, and make payment; and then act as creditor and officer both. Probably, in most cases, where the officer becomes liable to the creditor, without actual collection of the money, it is owing to the humanity of the officer, and want of good faith and punctuality in the debtor. In such cases it would be hard to suffer the debtor to treat this indulgence of the officer as a crime, and debar him of all remedy. Still, the officer can never use the name of the creditor, to collect by suit, unless he first makes his peace with the creditor. But, when he uses the name of the creditor, without any objection from him, to collect a debt from him who ought to pay it, there is no hardship in presuming that the creditor has made an assignment to the officer, who has an equitable claim to such assignment.

The defendant, in this case, has interposed no plea on which any question could arise, about the want of the authority to use the plaintiff's name in recovering this balance. And, where it is averred, in the replication, that Barlow advanced his own money to the plaintiff, and that this suit is brought and prosecuted for the benefit of Barlow, to remunerate for his expenditure, we treat these as the assertions of the plaintiff, and these assertions of record. And they ought to be treated as an assignment, so far as relates to this suit. There is, therefore, no error in the judgement of the county court, either in their instructions to the jury, or in their overruling the defendant's motion for judgement, notwithstanding the verdict against him. Their

Judgement is affirmed.

*Smalley & Adams,* for defendant.
*Hunt & Beardsley and Smith,* for plaintiff.