MOSES HARRINGTON v. JAMES E. McNAUGHTON.

A certificate obtained by a bankrupt, under the act of Congress of 1841, is a bar
to an action upon a judgment, recovered pending the proceedings in bankrupt-
cy, and before the granting of the certificate, upon a debt due at the time of
the decree of bankruptcy; and the costs, accruing upon the debt after the de-
cree and before the granting of the certificate, follow the debt, in this respect.

All debts, existing against a bankrupt at the time of the decree of bankruptcy, are
· proveable under the commission and consequently are barred by the certificate.

Where, in an action of debt upon a judgment, it was stated in the declaration,
that the judgment was recovered by the plaintiff " for a certain debt then due
by the defendant to the plaintiff," and the defendant pleaded in bar his dis-
charge as a bankrupt,—alleging, that he was decreed a bankrupt prior to the
rendition of the judgment declared upon, and that subsequent to the rendition
of the judgment he obtained his certificate of discharge, and that " the debt,
in the declaration mentioned, was due and owing from the defendant to the
plaintiff at the time the defendant was declared a bankrupt," it was held, that
it sufficiently appeared, that the debt, for which the judgment was recovered,
was proveable under the commission, and so was barred by the certificate.

DEBT upon a judgment recovered at the December Term, 1842,
of Bennington county court, and which the plaintiff averred, in his
declaration, was rendered for a debt " then due by the said defend-
ant to the said plaintiff." The defendant pleaded in bar, in substance,
that he filed his petition in bankruptcy, under the act of Congress,
June 20, 1842; that he was declared a bankrupt August 1, 1842;
that he obtained his certificate of discharge February 6, 1843; and
that the debt in said declaration mentioned was due and owing from
the defendant to the plaintiff at the time the defendant was declared
a bankrupt, and was proveable under the bankruptcy. The plaintiff
replied, that the debt "in the said declaration mentioned" was and
is the judgment declared upon, which was rendered at the Decem-
ber Term, 1842, of Bennington county court, and not otherwise,—
and after the time when the defendant was declared a bankrupt.
The defendant rejoined, that the debt, upon which that judgment was
founded, was due from the defendant to the plaintiff, at the time the
defendant was declared a bankrupt, and that it was proveable under
the bankruptcy. To this rejoinder the plaintiff demurred.

The county court, December Term, 1847,—HALL, J. presiding,
—adjudged the rejoinder insufficient. Exceptions by defendant.

Harrington *v.* McNaughton.

*Daniel Roberts, Jr.*, for plaintiff.

The debt sued is the judgment of December, 1842. Any previous debt, upon which that judgment was founded, became merged in that,—which became a new and larger debt, by the amount of the costs recovered, and the only debt due from the defendant to the plaintiff. But the defendant insists, that if the debt, upon which that judgment was rendered, would have been proveable under the statute, the judgment itself is barred by the certificate. If this were so, yet the defendant does not bring the case within his rule. It does not appear by the pleadings, that the original debt was one, which was proveable under the statute.

The averment, that the debt was proveable under the bankruptcy, is insufficient; for, first, this is a legal conclusion, to be drawn by the court; and second, the facts set forth in the declaration, plea and replication show clearly, that the debt,—which, in all the pleadings previous to the rejoinder, appears to be the judgment,—was not proveable under the bankruptcy.

The rejoinder is ill, for the farther reason, that it is a departure from the plea. The debt named in the plea is the judgment; the debt named in the rejoinder is one pre-existing; and this a general demurrer reaches. 1 Chit. Pl. 646. Cro. Eliz. 783. 3 Lev. 241. Com. Dig., Pleader F. 7.

*Miner & Burton* for defendant.

The plaintiff's demand was proveable under the commission; it is so alleged in the plea and rejoinder and admitted by the demurrer. 2 Stark Ev. 203. *Willett* v. *Pringle,* 5 B. & P. 190. 3 M. & S. 326. 2 Ib. 551. It is a general rule, that if a debt may be proved under the commission, the bankrupt, when certificated, is not only discharged from liability for such debt, but also from any consequential damages, resulting from the non-payment thereof. Chit. on Cont. 184. 3 Wils. 13. 3 B. & Ald. 13. 4 Scott 271. Judgments, obtained after the act of bankruptcy and before certificate, on debts which were due before the act of bankruptcy, are discharged by the certificate, and also the costs, as well as the debt. 2 Stark. Ev. 103. *Dinsdale* v. *Eames,* 2 B. & B. 8, [6 E. C. L. 3.] *Bouteflour* v. *Coats,* 1 Cowp. 25. *Blandford* v. *Foote,* Ib. 138. *Vansandon* v. *Corsbie,* 1 Chit. R. 16, [18 E. C. L. 16.] 5 B. & P. 190.

Harrington *v.* McNaughton.

The opinion of the court was delivered by

HALL, J. There does not appear, from the authorities, to be any doubt, but that the bankrupt's certificate, in England, is a bar to a debt, upon which a judgment has been recovered pending the proceedings in bankruptcy, and before the granting of the certificate, in all cases, where the debt would be otherwise proveable under the commission. Were it not so, it might be in the power of the creditors, by pressing their claims to judgment before the granting of the certificate, to prevent the bankrupt from deriving any benefit from it. It also seems equally well settled in England, that the costs, which accrue upon such debt after the act of bankruptcy and before the granting of the certificate, follow the fate of the debt, upon which they are founded. The costs, having relation to the original debt and resting upon it, a plea of the certificate *puis darrien continuance* operates as a discharge of the action,—of the costs, as well as the debt. The bankrupt may also be discharged on motion, either before or after judgment; and he is, in both cases, discharged from the debt and costs;—though, when he claims the summary interference of the court, before judgment, he may, where he has occasioned vexatious delay in the prosecution of the suit, be required to pay the costs occasioned by such delay. *Willett* v. *Pringle*, 5 Bos. & Pul. 190. *Dinsdale* v. *Eames*, 2 B. & B. 8. *Vansandon* v. *Corsbie*, 1 Chit. R. 16. *Sadler* v. *Cleaver*, 7 Bing. 771. The debt is considered as discharged at the time the party became a bankrupt. The certificate is but the evidence, that it was then discharged; and the costs, being founded upon a discharged debt, partake of its character, and do not constitute a new ground of claim against the bankrupt.

Whether it sufficiently appears by the pleadings in this case, that the debt, upon which the judgment was founded, was a debt which the certificate would bar, we have entertained some doubts; but have come to the conclusion, that the defendant's plea may be sustained. The plea was, that the plaintiff's cause of action was a debt proveable under his bankruptcy; which averment, alone, would doubtless, in general, be a sufficient statement of the time, when it accrued; but whether it ought to be sufficient, when the action is upon a judgment which for most purposes merges the original cause of action, when the judgment appears to have been rendered after

the defendant became a bankrupt, is perhaps questionable. Conceding such averment to be insufficient, we think it is to be taken, from other averments in the plea, that the debt existed at the time the defendant became a bankrupt. The declaration states, that the judgment at December Term, 1842, was recovered by the plaintiff " for a certain debt then due by the defendant to the plaintiff," and for his costs in that suit; and the plea avers, that " the debt in the declaration mentioned was due and owing from the defendant to the plaintiff *at the time* the defendant was declared a bankrupt." The question, then, is, whether a debt, which existed at the time of such decree, is to be considered as discharged by the certificate.

Under the English system of bankruptcy, which is of a compulsory character, the bankrupt becomes such, not by instituting proceedings before a judicial tribunal, but by the commission of certain acts of his,—which are inconsistent with the conduct of a solvent trader. The statute of 5 Geo. 1, c. 24, provides, that bankrupts " shall be discharged from all debts due and owing at the time they become bankrupts;" and under this provision it is held, that a debt accruing after the act of bankruptcy, and previous to the issuing of the commission, is not barred by the certificate. *Bamford* v. *Burrell*, 2 Bos. & Pul. 1. But the act of congress contains no specific provision in regard to the time, from which the debt of the bankrupt shall be discharged. All the property of the bankrupt, belonging to him at the time he is declared a bankrupt, immediately vests in the assignee, for the benefit of his creditors; and it seems most consistent with a just distribution of his estate among his creditors, which is a leading object of the statute, that all debts then existing should be proveable against it, and consequently be barred by the certificate.

It was held by the circuit court for the district of Massachusetts, Judge STORY presiding, in *Ex parte Newhall*, 5 Law Reporter 306, that property, which comes to a person seeking the benefit of the bankrupt act, by descent, or as distributee, in the intermediate time between his filing his petition and his being declared a bankrupt, passes to the assignee, as a part of the assetts of the bankrupt. In the well considered case of *Downer* v. *Brackett*, in the district court for the Vermont district, it is said by Judge PRENTISS, that " all debts existing before and at the time of the decree of bankruptcy

are proveable under the bankruptcy, and all debts up to that time are barred by the certificate of discharge." 5 Law Reporter 399. This seems to us to be the reasonable construction of the statute,— so far, at least, as relates to bankrupts who become such on their own petition,—and as it sufficiently appears from the pleadings in this case, that the debt, upon which the plaintiff's judgment was founded, was an existing debt against the defendant, when he was declared a bankrupt, we think the certificate is a bar to a recovery upon it.

The rejoinder being held sufficient, the judgment of the county court is reversed and judgment rendered for the defendant.