JAMES EVARTS *v*. A. S. HYDE, ADMR.

*Jurisdiction of State Courts and the Court of Bankruptcy.*
*Liability of Execution Creditor for Irregularities in*
*Execution Sale. Subrogation of Officer to*
*Rights of Creditor.*

Case, with trespass and trover, to recover the value of property sold on execution in favor of defendant against plaintiff and another. The attachment in the action in which the execution was issued, was made May 17, 1873, and the action entered in court in September following. Both defendants appeared and the case was continued. Afterwards plaintiff was declared a bankrupt as of October 18, 1873. At the April Term, 1874, both defendants again appeared, and judgment was rendered for plaintiff by consent, whereon said execution was issued. *Held*, that as plaintiff consented to the judgment, it was not void by reason of his bankruptcy.

An execution creditor is not liable for any irregularity in the execution sale, when he does not consent to the act constituting the irregularity by receiving the avails of

the sale or otherwise. Thus : There was some irregularity in an execution sale for which the officer had been adjudged a trespasser *ab initio.* Defendant and his attorney were present at the sale, when plaintiff forbade the sale, for that he had been adjudged a bankrupt. The officer inquired of the attorney what he should do, and the attorney, after consulting defendant, told him to go on with the sale. But it did not appear that either defendant or his attorney knew of the irregularity in question then, or at any time until after defendant had received the avails of the sale from the officer. *Held,* that the direction given to the officer should be interpreted with a view to the question to which it was an answer, and cast upon defendant the consequences of error as to the effect of bankruptcy only.

The property was sold on an *alias* execution which the officer, who had failed to charge the property on execution in regular course, had taken out for his own protection. *Held,* that the officer was subrogated to the rights of the creditor, and that the execution was not void. *Held,* also, that the judgment being of force and not to be collaterally assailed, the question of whether the *status* of the debt had been so far changed as not to be affected by the discharge if seasonably asserted, need not be considered.

CASE with counts in trespass and trover to recover the value of certain property sold by one Burgess, as constable, on an execution issued on a judgment in favor of the defendant, administrator of Alvin Hyde's estate, against the plaintiff and one J. T. Evarts. Plea, the general issue, and notice of special matter. Trial by the court at the April Term, 1877, Franklin County, ROYCE, J., presiding.

It appeared that the action in which the judgment was recovered was brought in May, 1873, by a writ served by Burgess on the 17th of that month, and returnable to the ensuing September Term of the County Court. The action was duly entered at said term, and both defendants therein appeared by counsel and the case was continued to the then next April Term, at which term both defendants again appeared by counsel, and judgment was rendered by consent for the plaintiff. On May 2, 1874, and within thirty days from the rendition of judgment, execution was duly issued and delivered to Burgess for collection. Burgess held the execution without levying it until September 24, 1874, when he returned it unsatisfied and for his own protection took out an alias execution and posted the property in question for sale thereon, and on October 12, 1874, sold the same thereon, and, after deducting his fees, paid over the proceeds to the present plaintiff, and returned said execution in part unsatisfied. On April 15, 1875, the defendant took out a pluries execution and

levied the same on real estate of J. T. Evarts, and on May 24, 1875, it was returned fully satisfied.

A portion of the property sold on the alias execution, consisting of hay, oats, and barley, of the value of $434.95, was sold in due legal form, but the sale of the remainder of the property, consisting of a wagon, a plow, and cows, horses, and harnesses, of the value of $478.25, was irregular, the notice of the sale not being posted, and the sale itself not being conducted as required by law. It appeared that the cows so sold, which were of the value of $239.50, were the property of J. T. Evarts, and were held by the plaintiff under a lease for ten years or until the death of said Evarts ; that Evarts died in August, 1875, before the bringing of this suit, and that Burgess levied on and sold the cows as the property of both Evarts and the plaintiff. All the other property that was sold was the property of the plaintiff, and the hay, oats, and barley were property that he had acquired subsequent to October 18, 1873, as of which time he was claimed to have been adjudged a bankrupt, as hereinafter stated.

The defendant and H. G. Edson, one of his attorneys, were present at the beginning of said sale, and when the first article was offered the plaintiff forbade the sale of the property, for that he was in bankruptcy. The officer thereupon asked Edson in the presence of the defendant what he should do, and Edson, after consulting the defendant, told him to go on and sell it. There was no evidence tending to show that either the defendant or his attorneys knew of the defective notice of sale at the time of the giving of such instructions, or at any time until after the defendant had received the avails of the sale from the officer.

On March 6, 1875, the plaintiff brought an action of trespass and trover against Burgess to recover for the wagon, plow, cows, horses and harnesses, and at the January Term, 1876, of the Supreme Court for Franklin County, recovered judgment on the ground that the sale and notice thereof were defective, and Burgess therefore a trespasser *ab initio ;* and on January 25, 1876, the plaintiff took out execution on said judgment running against the body of Burgess, and duly delivered the same to an officer to serve and return ; and on March 10, 1876, by direction of the plaintiff Bur-

gess was thereon duly committed to jail, where he had ever since remained.

The plaintiff offered his discharge in bankruptcy in evidence to show that he was duly adjudged a. bankrupt and discharged, and to show the date of that adjudication. That evidence was objected to by the defendant, but admitted ; to which the defendant excepted. The discharge was all the evidence of bankruptcy there was. The court found, defendant objecting, that the plaintiff was duly adjudged a bankrupt as of October 18, 1873, and discharged on June 13, 1876 ; to which the defendant excepted.

The defendant seasonably objected that the action could not be sustained against the defendant in his representative capacity as administrator, but the objection was overruled ; to which the defendant excepted.

On the foregoing facts, the court decided that the defendant was not liable in this action for that part of the property for which judgment was had against Burgess ; to which the plaintiff excepted. The court also decided that the defendant was liable in this action for said hay and grain, and rendered judgment for the plaintiff for $434.95, the value thereof ; to which the defendant excepted.

*M. Buck* and *H. S. Royce,* for the plaintiff.

The defendant is liable in the capacity in which he assumed to act. Besides, the objection is matter of abatement.

The execution on which the property in question was sold was taken out by the officer, for his own protection after he had become liable to the creditor, by reason of his neglect to levy and collect under the execution delivered to him by the creditor. The officer's liability to the creditor had become fixed, and he had no right to take the debtor's property to relieve him from the consequences of his neglect. He had no right to demand an *alias,* nor had the clerk any authority to issue it on his demand. Hence, that execution was void. See *Pierson* v. *Gale,* 8 Vt. 509 ; *Albany City Bank* v. *Keaney,* 16 N. Y. 535 ; *Reed* v *Pruyn,* 7 Johns. 426. Only the plaintiff or his attorney can sue out execution. *Osgood* v. *Brown,* 1 Freeman, (Miss.) 302. And the defend-

ant is liable as well for directing and advising the sale as for receiving the money derived from it.

The judgment rendered pending the proceeding in bankruptcy did not change the status of the debt. It had been discharged as to this plaintiff, by the adjudication declaring him a bankrupt six months before the judgment was rendered. The judgment was but another form of a discharged debt and of no validity ; and the execution issued upon it gave the creditor no authority to sell the property of the plaintiff. *Harrington* v. *McNaughton*, 20 Vt. 293 ; *Downer* v. *Rowell*, 26 Vt. 397 ; *Dresser* v. *Brooks*, 3 Barb. 429 ; *Ruckman* v. *Cowell*, 1 N. Y. 505 ; *Betts* v. *Bagley*, 12 Pick. 572 ; *Fox* v. *Woodruff*, 9 Barb. 498 ; *Clark* v. *Rowling*, 3 N. Y. 216 ; *Monroe* v. *Upton*, 50 N. Y. 593. These decisions follow the English cases. The provision for stay under the statute of 1867 is only permissive, and for the protection of the bankrupt where necessary. If not resorted to it leaves both creditor and bankrupt standing precisely as they would have stood had it not been enacted. It is in no sense mandatory upon the bankrupt, but s. 5106 is upon the creditor. Hence the law, as declared by this court in *Harrington* v. *McNaughton* and *Downer* v. *Rowell* and the New York cases cited, is decisive of this case, and the plaintiff must recover for all the property sold on that execution, including the cows.

After-acquired property is exempt from the payment of debts contracted before filing the petition in bankruptcy. *Rand* v. *Baldwin*, 9 Ga. 9.

But if the plaintiff cannot recover as claimed, still, the defendant is liable as a joint trespasser with the officer for the $478,25, the damages in the case of *Evarts* v. *Burgess*, decided at the January Term, 1876. *Evarts* v. *Burgess*, 48 Vt. 205. Hillard Torts, 234, 235 ; *Tichout* v. *Cilley*, 3 Vt. 415 ; *Cox* v. *Hall*, 18 Vt. 191 ; *Wolcott* v. *Keith*, 22 N. H. 197 ; *Judson* v. *Cook*, 11 Barb. 642 ; *Deal* v. *Bogue*, 20 Penn. 228.

For the rule of damages as to the cows, see *Ullman* v. *Barnard*, 7 Gray, 554 ; *White* v. *Webb*, 15 Conn. 505 ; *Cram* v. *Bailey*, 10 Gray, 87 ; *Pomeroy* v. *Smith*, 17 Pick. 85.

The suit against the officer, prosecuted to commitment on the

execution, is not a bar to this action. Joint trespassers are jointly and severally liable until in some way of satisfaction is had. *Sanderson* v. *Caldwell*, 2 Aik. 195 ; *Martin* v. *Kilbourne*, 11 Vt. 93 ; *Sheldon* v. *Kibbe*, 3 Conn. 214 ; *Morgan* v. *Chester*, 4 Conn. 387 ; *Campbell* v. *Phelps*, 1 Pick. 62 ; *Tarbell* v. *Downer*, 29 Vt. 339 ; *Porter* v. *Ingraham*, 10 Mass. 88.

If the proceedings against the officer do not amount to a satisfaction as to him, then clearly they do not as to his joint trespasser.

*Edson, Rand & Cross*, for the defendant.

The action cannot be sustained against the defendant in his representative capacity. 1 Chit. Pl. 77.

The judgment in question was rendered by a competent court on confession, pending bankruptcy proceedings, in a suit brought more than four months before the bankruptcy, and a full satisfaction thereof in due course before the granting of the discharge. If the judgment is not absolutely void the plaintiff cannot recover. The plaintiff, on application to the court for that purpose, might have had the suit stayed until the question of his discharge was determined in the Court of Bankruptcy. Rev. Sts. U. S. s. 5106. But by consenting to the judgment he waived his privilege, and the judgment is valid. Freeman Judgm. Bankr. ss. 1, 4 ; *Palmer* v. *Merrill*, 57 Me. 26 ; *Stone* v. *National Bank*, 39 Ind. 284 ; *Bradford* v. *Rice*, 102 Mass. 472 ; *Dunbar* v. *Baker*, 104 Mass. 211 ; *Doe* v. *Childress*, 21 Wal. 643 ; *Eyster* v. *Gaff*, 1 Otto, 521 ; *Flanagan* v. *Pierson*, 42 Tex. 1 ; *Merrill* v. *Gladden*, 39 Cal. 564 ; *Turner* v. *Galewood*, 8 B. Monr. 613.

The discharge in bankruptcy, when granted, was not a bar to the judgment. The judgment was rendered after the bankruptcy, and merged the old claim, and became a new claim, dating from the time of its entry. As such, it was not affected by the discharge, for the discharge released the bankrupt from only those claims which were or might have been proved against his estate. Rev. Sts. U. S. s. 5119. Debts that existed at the time of the commencement of proceedings in bankruptcy, were the only ones that could have been proved. Rev. Sts. U. S. s. 5067 ; *Bradford*

v. *Rice, supra; Otis* v. *Gaslin*, 31 Me. 567 ; *Pike* v. *McDonald*, 32 Me. 418 ; *Holbrook* v. *Foss*, 27 Me. 441 ; *Ellis* v. *Ham*, 28 Me. 385 ; *Uran* v. *Houdlette*, 36 Me. 15 ; *Hollister* v. *Abbott*, 31 N. H. 442.

Cases like *Harrington* v. *McNaughton*, 20 Vt. 293, and *Downer* v.*Rowell*, 26 Vt. 397, which hold that a judgment rendered pending the bankrupt proceedings, on a debt existing before, is barred by the discharge, except one New York case, arose under the bankrupt law of 1841, or that of 1800, which differed materially from the present law, which provides expressly that pending suits may be continued on application of the bankrupt, until the discharge is granted.   See *Bradford* v. *Rice, supra ; Sampson* v. *Clark*, 2 Cush. 173 ; *Woodbury* v. *Perkins*, 5 Cush. 86 ; *Wolcott* v. *Hodge*, 15 Gray, 547.

The same conclusion is reached by recurrence to elementary principles.   See *Hollister* v. *Abbott, supra ; Rees* v. *Butler*, 18 Mo. 73 ; *Barron* v. *Benedict*, 44 Vt. 518 ; *Dusenburg* v. *Hoyt*, 53 N. Y. 521 ; Bump Bank. 743 ; *Hornthal* v. *McRae*, 67 N. C. 21 ; *Fraley* v. *Kelley*, 67 N. C. 78 ; *Curtis* v. *Shepard*, 28 Me. 550 ; *Otis* v. *Gazlin*, 31 Me. 567 ; *Stillwell* v. *Coope*, 4 Denio, 225.   See also *McWillis* v. *Kirkpatrick*, 28 Miss. 809 ; *Kirkpatrick* v. *Tatterson*, 13 M. & W. 765.   But the holding in the two Vermont cases cited, if applicable to the law of 1867, would not authorize this action.   They do not hold the judgment void, so that trespass might be brought for enforcing it, but only that the discharge is a defence to it, if pleaded.   But conceding that the judgment was affected by the discharge, still it is not for that reason void.   The most that could be claimed is, that it was voidable, or more strictly speaking, a judgment from which Evarts was entitled to be relieved on a proper application for that purpose. So In re *Comstock*, 22 Vt. 642 ; *Comstock* v. *Grout*, 17 Vt. 512. But after this delay the plaintiff brings this action, and seeks, in effect, to attack the judgment collaterally, when upon the facts, relief would be denied him on a direct application.   Freeman Judgm. Bankr. s. 5 ; *N. H. Savings Bank* v. *Webster*, 48 N. H. 21 ; *Monroe* v. *Upton*, 50 N. Y. 593 ; *Valkenburgh* v. *Dederick*, 1

Johns. Cas. 133 ; *Mainwaring* v. *Kouns,* 35 Tex. 171 ; *Park* v. *Casey,* 35 Tex. 536.

There is a distinction between a party situated as the defendant was, who proves his debt in bankruptcy, and one who does not. Rev. Sts. U. S. ss. 5105, 5106.  This judgment cannot be considered as coming under the last clause of s. 5106.

The execution could not lawfully have been levied upon property owned by the plaintiff prior to the bankruptcy, for that was vested in the assignee, unless there was a judgment lien more than four months old ; but, the plaintiff could not complain.  His assignee was the only one who could.  But there is no reason why it could not have been levied on after-acquired property, as it was.  Freeman Judgm. Bankr. s. 5.  Such property is properly available to respond to undertakings of the bankrupt made subsequent to his bankruptcy.

The cows, horses, &c., of the value of $478.25, were owned by him before the bankruptcy.  He thus had no title thereto at the time of the sale.  It had become vested in his assignee.  Rev. Sts. U. S. s. 5044.  For the cows there can clearly be no recovery.  The title thereto was in J. T. Evarts, and the plaintiff had only a right to their use under the lease, and that passed to the assignee ; but if it did not, the plaintiff cannot recover the value of the cows, but only of the use of them from the time of the sale, October 12, 1874, to the commencement of this suit, September 1, 1875.  The rule that in actions by the pledgee for property wrongfully taken, he is entitled to recover the value of the property, is based on his liability to account to the pledgor.  Here there is no liability to account, because the property was sold as the property of J. T. Evarts as well as of the plaintiff.

The recovery against Burgess and commitment of his body to jail were a satisfaction.  The plaintiff had a right to elect *de melioribus damnis,* and issue his execution accordingly ; and having made his election, he is bound by it.  2 Ad. Torts, 593 ; *King* v. *Hoar,* 13 M. & W. 504, 506 ; *Knox* v. *Work,* 1 Browne, Pa. 62 ; *White* v. *Philbrick,* 5 Greenl. 147 ; *Livingston* v. *Bishop,* 1 Johns. 290 ; *Campbell* v. *Phelps,* 1 Pick. 62 ; *Kinsman* v.

*Page,* 22 Vt. 628 ; *Willard* v. *Lull,* 20 Vt. 373. And see CHAP-
MAN, J. in *Sheldon* v. *Kibby,* 3 Conn. 214.

As neither the defendant nor his attorney knew of the defective
notice at the time of the sale, the direction then given to the
officer goes for nothing. *Hyde* v. *Cooper,* 26 Vt. 552 ; *Abbott* v.
*Kimball,* 19 Vt. 551.

The opinion of the court was delivered by

REDFIELD, J. This is an action on the case, with counts in
trespass and trover, in which plaintiff seeks to recover the value
of certain property sold by the officer on an execution in favor of
the defendant against the plaintiff and another. The plaintiff
claims that the sheriff's sale was irregular and void for want of
legal notice as to part of the property sold, valued at $478.25,
and that the sale was altogether void by reason of the plaintiff's
bankruptcy and discharge therein. Recovery has been had against
the officer for this part of the property sold, execution issued, and
he has been committed to jail thereon, and has remained in prison
until this time. The plaintiff also claims that the defendant has
so far participated in the wrongful acts of the officer, that he has
become a joint trespasser.

I. We think the judgment was not void. The attachment
upon the writ was more than four months before the plaintiff was
declared a bankrupt ; and a judgment for the purpose of enforcing
the lien created by attachment, was permitted by the bankrupt
act. By section 5106, creditors, whose debts are provable, are
not allowed to prosecute to judgment any action thereon, until the
question of the bankrupt's discharge is determined ; pending suits
are to be stayed on application of the bankrupt, to await the dis-
charge, provided there is no unreasonable delay in procuring the
discharge. And pending suits may be permitted to proceed to deter-
mine the amount due. The assignee may also procure a stay of
proceedings. In *Palmer* v. *Merrill,* 57 Me. 26, it was adjudged
that the court were not to take judicial knowledge of the proceed-
ings in bankruptcy ; and that the court could not properly refuse
to proceed when neither the bankrupt nor the assignee appeared

and requested it.    The adjudication of bankruptcy does not devest a State court of its jurisdiction in a pending cause ; in many cases it is the *duty* of said court to proceed to final judgment ; in other cases it is the duty of the court, on application of the bankrupt or his assignee, to stay proceedings until the question of discharge is determined, unless it should be satisfied that the bankrupt is guilty of unreasonable delay.    Freeman, in his treatise on the enforcement of judgments against bankrupts, says—" The rendition of judgments against bankrupts or their assignee, establishes either that the defendants waived their rights, or else that the court determine that the case was one in which it was proper to render the judgment entered.    The judgment, if erroneous or irregular, should be corrected by appeal, or by some appropriate proceeding in the tribunal where it was entered."    But by the record in this case, this plaintiff appeared in the cause, and—" *consented* " that final judgment should be rendered against him.    The judgment is not, therefore, void, and the execution issued upon it protects the officer, if his proceedings thereon were regular, in the sale of the property, so far as this plaintiff is concerned. *Eyster* v. *Gaff*, 1 Otto, 521.

II.    It has been determined by the judgment of this court, that the sale of the cows, horses, and some other personal property was irregular, and the officer, for that reason, was adjudged liable as a trespasser *ab initio*.    It is stated that the defendant and his attorney, Mr. Edson, were present at the sale, and the plaintiff made known to them that he had been adjudged a bankrupt, and for that reason forbid the sale.    Mr. Edson, after consulting with the defendant in regard to the question raised by the plaintiff, told the officer " to go on with the sale."    The exceptions state that " there was no evidence tending to show that either Hyde or his attorneys knew of the fact of the defective notice of the sale at the time of giving such instruction, or at any time until after Hyde had received the avails of the sale from Burgess."    The party for whose benefit a sale of property is made, is not liable for the consequences of an irregular and illegal sale by the officer, unless he counsel or consent to the very act which constitutes the

illegality and wrong; or, knowing that the proceedings of the officer were irregular, consents to the same by taking the avails of such sale.. In *Hyde* v. *Cooper*, 26 Vt. 552, REDFIELD, C. J., says : " The defendant's receiving the avails of the sale has never been held to imply any consent to any irregularity in the proceedings of the officer, even if known to the party, especially when such irregularity consisted in some technicality, of which the party is supposed, ordinarily, not competent to judge." The court further say : "As a general rule, perhaps, when the mistake is one of fact, and such as makes the officer a trespasser, and the party knowing all the facts consents to take the avails of the sale, or where he *counsels the very act which creates the liability* of the officer, he is implicated to the extent of the officer. But when the party does not direct or control the course of the officer, but requires him to proceed at his peril, and the officer makes a mistake of law in judging of his official duty, whereby he becomes a trespasser even by relation, the party is not affected by it even when he receives the money which is the result of such irregularity, although he was aware of the course pursued by the officer. He is not liable unless he consents to the officer's course, or subsequently adopts it." The record certifies that there was no evidence tending to show that the defendant had any knowledge of the irregularity until after he received the avails of the sale. And there is no reason to suppose that at the time the plaintiff notified the officer of his bankruptcy, and for *that* reason forbid further proceeding, either party had in mind that the officer's proceeding, thus far, was irregular.

It is true that the record states that Mr. Edson, in behalf of the defendant, said to the officer, " go on with the sale "—the ordinary language of direction and command. But this must be interpreted in the light of the question proposed to him and the difficulty he was asked to solve. The question put by the officer to the party, in substance, was this: The party whose property I am about to sell now gives notice that he has been adjudged a bankrupt, and for that reason forbids further proceedings, that is a question of law which I refer to you, shall I desist or proceed ? The party consulted with his attorney and directed

the officer to proceed in the execution of his process notwithstanding the plaintiff's bankruptcy. If that was error, he took upon himself its consequences and nothing more. But he is not thereby made participant in a legal wrong to which he never gave consent and of which he had no knowledge.

III. It is claimed that the execution on which the property was sold was void, for the reason that the officer had become liable to the creditors for omitting to charge on execution the property attached on the writ, and had taken out the execution for his own protection. It has often been held in this State, that when an officer has *paid* an execution by reason of his liability for neglecting to collect it of the debtor, he is subrogated to the rights of the creditor in the execution, and *a fortiori*, when he had not *paid*, but had merely become *liable*. *State Treasurer* v. *Holmes*, 4 Vt. 110; *Oliver* v. *Chamberlin*, 1 D. Chip. 41; *Bellows* v. *Allen*, 23 Vt. 169. The cases cited from New York, founded upon what is conceived to be a matter of public policy, cannot be allowed to overturn the established rule in this State.

IV. The debt in this case existed when the bankruptcy proceedings were commenced, and judgment thereon was rendered after plaintiff was adjudged a bankrupt and pending the proceedings; and the plaintiff insists that the judgment does not change the character of the debt, but that the judgment is cancelled by the final discharge. Under the bankrupt law of 1841 the doctrine contended for by the plaintiff was established in two reported cases,—*Harrington* v. *McNaughton*, 20 Vt. 293, and *Downer* v. *Rowell*, 26 Vt. 397. And the same rule, in a qualified form, is established in New York. In *Monroe* v. *Upton*, 50 N. Y. 595, the court maintains that it has entire jurisdiction of the case and the parties, and, for delay of the bankrupt in asserting his rights, or other sufficient reason, may deny the bankrupt all benefits of his discharge. In this case, the bankrupt and the assignee not only omitted to ask a stay of the proceedings, but the plaintiff appeared in court and *consented* to the judgment. It is not therefore void. And whether the *status* of the debt has been so far

changed by the judgment that it could not be affected by the final discharge, if seasonably pleaded or asserted, we need not discuss ; it is good as against this plaintiff and his after-acquired property while it continues in force, and cannot collaterally be assailed. *Eyster* v. *Gaff et al.* 21 Otto 521.

Judgment reversed, and judgment that the defendant recover his costs.