BERNICE STOCKWELL *v.* L. C. WOODWARD AND ANOTHER.

[ IN CHANCERY. ]

*Discharge of Debt for Costs Taxed after Filing of Petition in Bankruptcy.*

A discharge in bankruptcy is not a bar to a debt for costs taxed pursuant to a judgment for costs alone, where the judgment is rendered and the costs are taxed after the filing of the petition, although the action was begun before the filing. Thus : W. brought a bill in chancery against S., and obtained a decree thereon, enjoining him from interfering with certain water then alleged to belong to W. S. appealed to the Supreme Court, and, after hearing the appeal, that court sent a mandate to the Court of Chancery affirming the decree. In February, S. filed a petition in bankruptcy. In March a final decree was entered in the Court of ·Chancery, in accordance with the mandate, and W's costs were taxed and allowed. In November, S. obtained a discharge in bankruptcy from all debts existing and provable on the date of the filing of the petition. Afterwards W. took out and levied execution for his costs. S. thereupon filed a bill alleging the foregoing, and that the debt for costs was provable in bankruptcy, and praying that W. be enjoined. *Held,* that the debt was not provable, and that the bill should be dismissed,

*Semble* that the rule is the same where the action wherein judgment is rendered and costs are taxed is for a tort ; but otherwise where the action is for a debt existing and provable before the filing of the petition.

APPEAL from the Court of Chancery. The bill, which was filed in said court, in Essex County, at the September Term, 1878, alleged that at the March Term, 1875, in said county, the defendant Woodward presented a petition to said court, alleging title in himself to certain water therein described, and alleging that the orator was exercising ownership over the same, derogatory to said defendant's right, and praying for an injunction ; that such proceedings were thereupon had that at the March Term of said court, 1876, it was decreed that the orator be perpetually enjoined from interfering with or using said water, and that he pay said defendant the costs of said proceedings ; that the orator appealed therefrom to the Supreme Court ; that the appeal was heard by said court at the August Term, 1876, in said county, and that on or about January 1, 1877, a mandate was sent from said court to the Court of Chancery affirming said decree ; that

Stockwell *v.* Woodward.

on February 28, 1877, the orator, resident in said county, &c., filed his petition in bankruptcy in the District Court of the United States for the District of Vermont; that at the March Term, 1877, of said Court of Chancery, a final decree was entered in accordance with the former decree and said mandate, and the defendant's costs were taxed and allowed at $180.08; that such proceedings were had on the petition in bankruptcy that, on November 6, 1877, the orator obtained from said District Court a discharge therein from all debts and claims which by " the act of Congress establishing a uniform system of bankruptcy throughout the United States" were made provable against his estate, and which existed on the day of the filing of the petition; that the orator was thereby fully discharged from the payment of said costs, as said defendant well knew, but that, on March 23, 1878, said defendant, contriving, &c., fraudulently procured from the clerk of said Court of Chancery, an execution for said costs, which, on April 18, he delivered to defendant Selim E. Grout, a deputy sheriff within and for said county, for collection, and which said Grout, on August 7, levied on certain hay, wood, &c., of the orator, &c. The bill prayed that the defendants be enjoined from selling said hay, &c., from further proceedings for the collection of said execution, and from taking out a new execution; that said execution be set aside; and for general relief.

The defendants demurred, for that the bill contained " no allegation that there was an adjudication in bankruptcy prior to the dating of the" decree of the March Term, 1877, and for other reasons that need not be stated.

The demurrer was argued at the September Term, 1878, in said county, when the court, Ross, Chancellor, considered that the costs did not constitute a provable debt on the date of the filing of the petition in bankruptcy, and that, if provable, the orator lost his right to a discharge thereof by neglecting to suggest the bankruptcy proceedings, and to procure the chancery suit to be continued to await their determination; and ordered that the bill be dismissed with cost.

Appeal by the orator.

Stockwell *v.* Woodward.

*O. F. Harvey*, for the orator, contended that the costs were provable, and that the claim was discharged, and cited *Monroe* v. *Upton*, 50 N. Y. 593 ; In re *Crawford*, 3 N. B. R. 698 ; In re *Stansfield*, 4 Sawyer, 334 ; *Harrington* v. *McNaughton*, 20 Vt. 293 ; *Dresser* v. *Brooks*, 3 Barb. 429 ; *Graham* v. *Benton*, 2 Str. 1195 ; *Phillips* v. *Brown*, 6 T. R. 282 ; *Hurst* v. *Mead*, 5 T. R. 365 ; *Langford* v. *Ellis*, 14 East, 202, note ; *Watts* v. *Hart*, 1 B. & P. 134 ; *Davis* v. *Shapley*, 1 B. & Ad. 54, and cases *passim*. In answer to the objection that the costs were incident to no debt, he cited *Watts* v. *Hart* and *Hurst* v. *Mead, supra.* He cited also In re *Sheehan*, 8 N. B. R. 345 ; *Merritt* v. *Glidden*, 39 Cal. 559 ; *Sweet* v. *Sherman*, 21 Vt. 23 ; In re *Blandin*, 5 N. B. R. 39.

*Elisha May*, for the defendants, contended that the matter of costs was with the court until the close of the March Term, 1877, and that they did not constitute a debt provable on the date of the filing of petition, and cited *Barker* v. *Belknap's Est.* 27 Vt. 700 ; *Barker* v. *Vt. Central Railroad Co.* 35 Vt. 451 ; Rev. Sts. U. S. ss. 5067, 5119; *Black* v. *McClelland*, 12 N. B. R. 481.

The opinion of the court was delivered by

ROYCE, J. This is an injunction bill brought by the orator to restrain the collection of an execution issued out of the Court of Chancery in Essex County, at its April Term, 1877, and the case comes up on demurrer. The defendant Woodward, in 1875, brought a petition in equity against the orator Stockwell, upon which the court, at its March Term, 1876, granted a perpetual injunction against Stockwell, and decreed that he pay the costs of the suit. An appeal was taken from that decree to this court, which was heard at its August Term, 1876, in Essex County, and on or about the 1st of January, 1877, a mandate was sent down confirming the decree. On the 28th day of February, 1877, Stockwell filed his petition in voluntary bankruptcy. At the March Term, 1877, of the Court of Chancery for Essex County, a final decree was entered in accordance with the mandate of the Supreme Court, and Woodward's costs were taxed and allowed at $180.08, for which the execution sought to be enjoined was

issued, March 28th, and levied April 18th. On the 6th day of November, 1877, Stockwell obtained from the District Court of the United States for the District of Vermont a discharge in bankruptcy from all debts made provable by the act and which existed on the 28th day of February, 1877. The question is, whether the costs for which this execution issued were a provable debt existing on said 28th day of February, 1877, and therefore discharged by the certificate.

The case does not show that the costs in the suit of Woodward against Stockwell were taxed when the original decree was made, and the presumption is, that a general decree for the costs only was ordered, the taxation being reserved to await the result of the appeal, and that no taxation was in fact made until March, 1877. When costs are taxed before the proceedings in bankruptcy are commenced, they are undoubtedly provable. *Jacob* v. *Phillips,* 1 C. M. & R. 195. In *Graham* v. *Pierson,* 6 Hill, 247, the judgment was perfected before the bankruptcy proceedings were commenced, and in *Monroe* v. *Upton,* 50 N. Y. 593, much relied on by the orator, the trial was had, report of amount found due made, and costs taxed and allowed before the commencement of proceedings, though judgment was formally entered afterward, but before the discharge. In the case at bar, the costs were taxed and decree entered up after the filing of the petition and before discharge. In *Harrington* v. *McNaughton,* 20 Vt. 293, it was held that debts accruing after petition filed and before the final discharge were provable, and this case was followed in *Spalding* v. *Dixon,* 21 Vt. 45, and *Downer* v. *Rowell,* 26 Vt. 397, but these cases were decided under the Act of 1841, which essentially differs from the act of 1867. Under the Act of 1867, Rev. Sts. U. S. s. 5044, all the property the bankrupt acquires after filing his petition belongs to him, and the discharge covers only debts provable at that time, section 5115 being in substance like the English statute, 5 Geo. I, c. 24, under which it is held that only debts provable at the date of the commission are discharged by the certificate. Upon the question whether these costs were a provable debt, therefore, the English authorities are pertinent, and in our judgment conclusive. In *Longford* v. *Ellis,* cited 1

H. Bl. 29, note, a verdict was obtained for £10 damages in an action for slander before, and judgment entered and costs taxed after, bankruptcy. In *Hurst v. Mead*, 5 T. R. 365, and in *Watts v. Hart*, 1 B. & P. 134, the plaintiff was nonsuit before, and judgment entered and costs taxed after, bankruptcy, and in each of these cases it was held that the debt was provable and the bankrupt discharged. But in each of them the question was upon the discharge of his person out of custody, and in the latter case the court was in grave doubt, and EYRE, C. J., in finally ordering the rule for setting aside the writ of *capias ad satisfaciendum* to be made absolute, says of the two preceding cases, as well as the one at bar, " I do not think either of the cases founded on principle. But the question is, whether we ought not to adhere to a decided case [*Hurst* v. *Mead* ] rather than contradict it, where the demand is such as the court cannot look upon with favor." In the later case of *The King* v. *Davis*, 9 East, 318, a suit in chancery being pending, the parties entered into a bond to refer all matters in dispute, and the costs of the suit, to an arbitrator, who awarded to the plaintiff £205 as the balance due on account, a moiety of the expenses of the award, and that the defendant should pay the costs of the suit in chancery. After the award, the defendant became bankrupt, and a commission issued against him. The commissioners allowed the debt awarded to be proved against his estate, but not the costs, " which were not then ascertained." The defendant obtained his certificate, and having refused to pay the costs, an attachment was sued out against him for non-performance of the award, which had been made a rule of court. Upon cause shown against a rule for discharging the defendant from the attachment, Lord ELLENBOROUGH said that Lord THURLOW having held in Ex parte *Sneaps*, Co. Bank Law, 192, where there was an order of the Court of Chancery upon a defendant to pay costs, that the costs taxed after the bankruptcy were not inchoate with the order for taxation made before, this court could not consider them as inchoate with the award, and the court directed that *on payment by the defendant* of the costs in the chancery suit directed to be paid by the award, he should be discharged from the attachment. In the case of Ex. parte *Charles*,

14 East, 196, there was verdict against Charles, December 5, 1808, for £150 damages for breach of promise of marriage. December 25th, Charles committed an act of bankruptcy. January 31, 1809, judgment was entered on the verdict for the £150 damages, and £133 costs, and February 14th, the plaintiff in the suit for breach of promise petitioned for a commission of bankrupt against Charles. It was held, overruling *Longford* v. *Ellis, supra*, that the debt was not a sufficient petitioning creditor's debt to support the petition. This case is sustained by Ex parte *Stevenson*, 1 M. & M. 262, and Petersdorff, in his note to *Longford* v. *Ellis*, 3 Pet. Ab. 455, says: " This position is now overruled ; for in tort there is no debt with which the costs can be incorporated until judgment; 2 M. & S. 70 ; but in actions on contracts, where bankruptcy occurs between verdict and judgment, the costs are provable ; *Aylett* v. *Harford*, 2 Bl. Rep. 1317." In Ex parte *Cross*, 2 Mont. D. & De G. 308, the plaintiff obtained a decree against the defendant, with reference to a master to ascertain and report the sum due, with costs taxed by him. A fiat issued against the defendant before the master made his report, and it was held that the plaintiff was not entitled to prove for the amount found due by the report. We are cited to, and have been able to find, no American cases directly in point. There is a syllabus in Gazzani's Bankruptcy Digest as follows : " Where a plaintiff in a cause was nonsuited in 1799, and judgment of nonsuit entered in 1800, and afterwards, in November, 1800, plaintiff obtained his discharge in bankruptcy, and the costs of the nonsuit were not taxed until after his discharge, it was held that the costs were not a debt until taxation, and plaintiff was not, therefore, discharged." The citation is *Cone* v. *Whittaker*, 2 Johns. 280,* but we have been unable to find the case. Being in perfect consonance with the English authorities above referred to, however, it is more likely that the error is in the reference than in the statement. And in *Oxlade* v. *North Eastern Railway Co.* Law J. C. P. 171, to which we have not had access, the syllabus is : " A defendant's costs, when, although a verdict is given before, the judgment is not obtained until after, the plaintiff has become bankrupt, are not

* The case is in 2 Johns. Cas. 280.—REPORTER.

provable." This was probably an action of tort. *Mann* v. *Houghton*, 7 Cush. 592, though arising under a state insolvent law, seems pertinent in principle. An action of assumpsit was referred by a rule of court to arbitrators, who, the plaintiff not appearing, awarded to the defendant the costs of the reference and the costs of court, to be taxed by the court. The plaintiff obtained a discharge in insolvency, and judgment was afterwards entered upon the award. It was held that the claim was not provable, and therefore not barred by the discharge. The case of *Sanford* v. *Sanford*, in the New York Court of Appeals, 58 N. Y. 67, 12 N. B. R. 565, to which we are referred by the orator, holds distinctly that costs incurred after bankruptcy, as were at least a portion of the costs in this case, are not provable. After judgment and appeal to the General Term, the defendant was declared a bankrupt on his own petition. The plaintiff, with notice thereof, proceeded with the appeal and obtained an affirmance and judgment for the costs of the appeal. The defendant appealed to the Court of Appeals, and the plaintiff moved to dismiss, on the ground that only the assignee could prosecute. RAPALLO, J., in holding that the defendant had sufficient interest to prosecute the appeal because he might never get a discharge, and so the judgment be a charge upon him, says : " But, in the present case, the bankrupt has a direct and exclusive interest to a certain extent. The judgment of affirmance appealed from contains also a judgment against the bankrupt for the costs of the appeal incurred after the bankruptcy. These costs would not be provable against the bankrupt's estate, and his liability therefor would, consequently, not be affected by the discharge, should he obtain one."

Upon careful consideration we are of opinion that, while the law is clearly settled that when a provable debt or claim exists before the commencement of proceedings in bankruptcy which passes into a judgment, that judgment, including both debt and costs, is barred by the certificate, the rule is that where the action is for a tort, or, as in the present case, the recovery is for costs alone, there being no principal debt or claim upon which they attach and follow, and final judgment is not rendered or the costs

taxed until after the date of the filing of the petition, or that named in the discharge, the certificate is no bar.

In this view of the case the other questions raised are not necessary to be considered, and the decretal order of the Court of Chancery dismissing the orator's bill must be affirmed, and the cause remanded.