# JAMES O. FOLLETT v. JOHN Q. SHUMWAY.

### OCTOBER TERM, 1895.

*Replevin bond. Action against officer for not taking sufficient.*

The defendant in a replevin suit cannot maintain an action against the officer for not taking a sufficient bond, if he has impaired the value of the bond to the officer, as by discharging a surety, for the officer is entitled to the benefit of the bond.

Case for the default of the defendant as an officer in not taking a sufficient replevin bond. Plea, the general issue. Trial by court at the March term, 1895, Windham county, ROWELL, J., presiding. Upon the facts found the court gave judgment for the defendant. The plaintiff excepts.

*Haskins & Stoddard* for the plaintiff.

The defendant was negligent in not taking a sufficient bond. He cannot claim subrogation for that he has not come with clean hands himself. *Railroad Co.* v. *Soutter, et al.*, 13 Wall 517; *German Bank* v. *United States*, 148 U. S., 573; *Conner* v. *Welch*, 51 Wis. 431; *Kelley* v. *Kelley*, 54 Mich. 47; *Dwight v. Lumber Co.*, 82 Mich. 431; *Gerrish* v. *Bragg*, 55 Vt. 329; *Wall* v. *Mason*, 102 Mass., 316.

*Waterman, Martin & Hitt* for the defendant.

The defendant was entitled to be subrogated to the rights of the plaintiff upon this bond. *Briggs* v. *Gleason*, 29 Vt. 78; *State Treasurer* v. *Holmes*, 4 Vt. 110; *Olive* v.

*Chamberlin*, 1 D. Ch. 41; *Bellows* v. *Administrator of Allen*, 23 Vt. 169; *Hammond* v. *Chamberlin*, 26 Vt. 405; *Evarts* v. *Hyde*, 51 Vt. 183.

The plaintiff having cut off this right of the defendant, cannot recover. 7 Am. and Eng. Ency. of Law, 21, 22 and cases cited.

TAFT, J.   The defendant, an officer, served a replevin writ in favor of one French against the plaintiff, and took a bond signed by said French and one Earl as surety, conditioned as provided by the statute, R. L., s. 1219. French was cast in the suit. The bond was never good and sufficient. The plaintiff seeks in this suit to recover damages for the defendant's default in not taking a good and sufficient bond. The defendant was entitled to the benefit of the bond to secure for him any liability he might be under to the plaintiff in respect to it. *Evarts* v. *Hyde*, 51 Vt. 183, and cases therein cited. The defendant, indemnifying the plaintiff for costs, had the right to maintain an action, in the plaintiff's name, to recover upon the bond. The plaintiff brought suit upon the bond against Earl, the surety, recovered judgment, and upon partial payment thereof, discharged the defendant therein from any further liability upon it. The continued liability of Earl upon the judgment, had he not been discharged therefrom, the court below found would have been of some value to the defendant. French was insolvent, and by discharging Earl, the plaintiff put it out of the defendant's power to proceed against him, Earl, upon the judgment which he, the plaintiff, had recovered upon the bond. The plaintiff cannot thus intermeddle with the rights of the defendant except at the loss of his rights against the latter. The result of his so doing, in this cause, is, that he cannot recover.

*Judgment affirmed.*